IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| S&G LABS HAWAII, LLC, | ) | CIVIL NO. 19-00310 LEK-WRP |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DARREN GRAVES' MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS |
| vs. | ) | |
| DARREN GRAVES, | ) | |
| Defendant. | ) | |

ORDER GRANTING DARREN GRAVES' MOTION
TO COMPEL RESPONSES TO DISCOVERY REQUESTS

Before the Court is Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Darren Graves' Motion to Compel Plaintiff/Counterclaim Defendant S&G Labs Hawaii, LLC, Third-Party Defendant Lynn Puana, M.D. and Third-Party Defendant Stefanie Bade-Castro's Responses to Darren Graves' Discovery Requests, filed on July 23, 2020 (Motion). See ECF No. 84. Plaintiff/Counterclaim Defendant S&G Labs Hawaii, LLC, Third-Party Defendant Lynn Puana, M.D., and Third-Party Defendant Stefanie Bade-Castro (collectively the S&G Parties) filed their Opposition to the Motion on August 10, 2020. See ECF No. 86. Defendant Graves filed his Reply on August 24, 2020. See ECF No. 87. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for

the District of Hawaii.

After careful consideration of the record in this action and the relevant legal authority, the Court GRANTS the Motion as detailed below.

BACKGROUND

The following seven discovery requests are at issue in the Motion:

1. Defendant Graves' January 31, 2020 First Request for Answers to Interrogatories to S&G Labs Hawaii, LLC;

2. Defendant Graves' January 31, 2020 First Request for Production of Documents to S&G Labs Hawaii, LLC;

3. Defendant Graves' March 2, 2020 First Request for Answers to Interrogatories to Third-Party Defendant Lynn Puana, M.D.;

4. Defendant Graves' March 2, 2020 First Request for Production of Documents to Third-Party Defendant Lynn Puana, M.D.;

5. Defendant Graves' March 2, 2020 First Request for Answers to Interrogatories to Third-Party Defendant Stefanie Bade-Castro;

6. Defendant Graves' March 2, 2020 First Request for Production of Documents to Third-Party Defendant Stefanie Bade-Castro; and

7. Defendant Graves' March 2, 2020 Second Request for Production of Documents to S&G Labs Hawaii, LLC.

The facts surrounding the discovery at issue in this Motion are not

disputed. Before filing the present Motion, counsel for Defendant Graves contacted counsel for the S&G Parties on numerous occasions about the status of their discovery responses. See ECF Nos. 84-2, 84-9, 84-10, 84-12 through 84-21, 84-23, 84-24. Despite counsel's repeated efforts to obtain discovery from the S&G Parties, at the time that Defendant Graves filed his Motion, the S&G Parties had only produced two documents responsive to the first document requests, had not provided verified responses to the interrogatories served on January 31, 2020, and had not provided any written responses to the document requests and interrogatories served on March 2, 2020. See ECF No. 84-2.

As noted above, the present Motion was filed on July 23, 2020. See ECF No. 84. On August 10, 2020, the same day that their Opposition was due, the S&G Parties provided unverified interrogatory responses from Dr. Puana and Ms. Bade-Castro and written responses to the second request for production of documents to S&G Labs Hawaii LLC. See ECF No. 87-1 ¶ 4. According to the Reply, on August 14, 2020, the S&G Parties provided a CD to Defendant Graves' counsel that contained copies of documents from Dr. Puana and S&G Labs Hawaii, LLC. See id. ¶ 6. Defendant Graves' counsel emailed counsel for the S&G Parties because "many of the documents produced were unreadable and inaccessible." See id. Counsel exchanged several emails regarding the production, but according to Defendant Graves' counsel, counsel for the S&G Parties had not

responded to the most recent email of August 17, 2020, as of the date of filing the Reply, August 24, 2020. See id. ¶¶ 7-9. Further, as of the date of the Reply, Dr. Puana and Ms. Bade-Castro had not provided written responses to Defendant Graves' document requests to them. See ECF No. 87 at 4.

In the present Motion, Defendant asks the Court to compel the S&G Parties to provide full and complete discovery responses and to award Defendant Graves his reasonable expenses related to the present Motion. See ECF Nos. 84, 87.

## DISCUSSION

Under Rule 37(a)(3), a party may move for an order compelling discovery if "a party fails to answer an interrogatory" or "fails to produce documents." Fed. R. Civ. P. 37(a)(3)(iii), (iv). Further, a party may file a motion seeking discovery sanctions for a party's failure to answer interrogatories or failure to respond to a request for production of documents. See Fed. R. Civ. P. 37(d)(1)(A).

Under Rule 37(a)(5), if discovery is provided after a motion to compel is filed or if the Court grants a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including

attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

**A. Defendant Graves' Request to Compel Answers to Interrogatories and Production of Documents is GRANTED**

As noted above, there is no dispute regarding the S&G Parties' failure to timely respond to the discovery requests at issue and continued failure to provide full and complete responses. Although the S&G Parties provided belated discovery responses after Defendant Graves' Motion was filed, it appears that there remain serious deficiencies in those responses. In their Opposition, the S&G Parties do not dispute the timeline of events or the facts regarding these discovery disputes as presented in Defendant Graves' Motion. See ECF No. 86. The S&G Parties assert that discovery has been delayed because of the COVID-19 pandemic and because Dr. Puana is a single parent who resides in Colorado. See id. at 6. The S&G Labs Parties contend that they have addressed all outstanding discovery issues and that some of the discovery issues identified in the motion "remain a 'work in progress,' but progress is being made." Id. at 7.

Although the Court understands that all activities have been disrupted because of the COVID-19 pandemic, the Court rejects the S&G Parties' suggestion that they are excused from complying with their discovery obligations because of the pandemic. There is no reason that written responses could not have been provided and the electronic production of documents could not have occurred

sooner regardless of social distancing restrictions. Further, there were numerous instances where counsel for the S&G Parties failed to respond to emails and voicemails from Defendant Graves' counsel, which caused further delay and expense. The Court GRANTS Defendant Graves' request to compel discovery as follows.

**1. Defendant Graves' January 31, 2020 First Request for Answers to Interrogatories to S&G Labs Hawaii, LLC**

Under Rule 33(b)(3), each interrogatory must be "answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). S&G Labs Hawaii, LLC has failed to provide a verified response to Defendant Graves' January 31, 2020 First Request for Answers to Interrogatories to S&G Labs Hawaii, LLC. Although counsel for the S&G Parties provided an unverified written response on March 6, 2020, see ECF No. 84-7, no verified response has been produced to date.

No later than September 28, 2020, S&G Labs Hawaii, LLC shall serve a verified written response to Defendant Graves' January 31, 2020 First Request for Answers to Interrogatories to S&G Labs Hawaii, LLC, and shall file a Certificate of Service as evidence of its compliance.

**2. Defendant Graves' January 31, 2020 First Request for Production of Documents to S&G Labs Hawaii, LLC**

As noted in the Motion, the only documents provided by the S&G

Parties before the present Motion was filed are Defendant Graves' "personnel file" and S&G Labs Hawaii, LLC's commercial umbrella policy. See ECF No. 84-1 at 11-12. These documents were sent by email on May 11, 2020, were not Bates stamped, and did not identify the discovery requests that they responded to. See ECF No. 84-2 ¶ 25. After the present Motion was filed, on August 14, 2020, the S&G Parties produced a CD of documents. See ECF No. 87 at 5. However, many of the electronic filed were unreadable. See id. Despite counsel's efforts to resolve these issues, the production remains deficient. See id. Although the S&G Parties state that they will produce additional documents on a "rolling" basis, see ECF No. 86 at 3, this does not excuse the S&G Parties' failure to comply with their discovery obligations for months. In order for this case to proceed in a timely manner through discovery and dispositive motions, the parties must provide timely responses to discovery requests.

No later than September 28, 2020, S&G Labs Hawaii, LLC must produce all documents responsive to Defendant Graves' January 31, 2020 First Request for Production of Documents to S&G Labs Hawaii, LLC in .pdf format. All documents produced by S&G Labs Hawaii, LLC shall be Bates stamped for identification. No later than September 28, 2020, S&G Labs Hawaii, LLC shall produce a supplemental written response to Defendant Graves' January 31, 2020 First Request for Production of Documents to S&G Labs Hawaii, LLC identifying

the Bates range of the documents produced in response to each request. If no such documents exist, S&G Labs Hawaii, LLC shall provide a declaration from a corporate representative stating that thorough and reliable search was conducted and no documents responsive to the specific discovery request were found. To the extent S&G Labs Hawaii, LLC is withholding any documents on the basis of privilege, S&G Labs Hawaii, LLC shall produce a privilege log in compliance with Federal Rule of Civil Procedure 26(b)(5) no later than September 28, 2020.

**3. Defendant Graves' March 2, 2020 First Request for Answers to Interrogatories to Third-Party Defendant Lynn Puana, M.D.**

Third-Party Defendant Lynn Puana, M.D. has failed to provide a verified response to Defendant Graves' March 2, 2020 First Request for Answers to Interrogatories to Third-Party Defendant Lynn Puana, M.D. as required under Rule 33(b)(3). Although counsel for Dr. Puana provided an unverified written response on August 10, 2020, see ECF No. 84-2, no verified response has been produced.

No later than September 28, 2020, Dr. Puana shall serve a verified written response to Defendant Graves' March 2, 2020 First Request for Answers to Interrogatories to Third-Party Defendant Lynn Puana, M.D. and shall file a Certificate of Service evidencing her compliance.

**4. Defendant Graves' March 2, 2020 First Request for Production of Documents to Third-Party Defendant Lynn Puana, M.D.**

It is undisputed that Third-Party Defendant Lynn Puana, M.D. has failed to provide a written response to Defendant Graves' March 2, 2020 First Request for Production of Documents to Third-Party Defendant Lynn Puana, M.D. and has not produced any documents responsive to these requests. The S&G Parties suggest in their Opposition that no responsive documents exist, but do not explain why Dr. Puana has failed to provide any written response. See ECF No. 86 at 4-5.

No later than September 28, 2020, Dr. Puana shall produce all documents responsive to Defendant Graves' March 2, 2020 First Request for Production of Documents to Third-Party Defendant Lynn Puana, M.D. in .pdf format. All documents produced by Dr. Puana shall be Bates stamped for identification. No later than September 28, 2020, Dr. Puana shall produce a written response to Defendant Graves' March 2, 2020 First Request for Production of Documents to Third-Party Defendant Lynn Puana, M.D. identifying the Bates range of the documents produced in response to each request. If no such documents exist, Dr. Puana shall provide a declaration stating that thorough and reliable search was conducted and no documents responsive to the specific discovery request were found. To the extent Dr. Puana is withholding any

documents on the basis of privilege, Dr. Puana shall produce a privilege log in compliance with Federal Rule of Civil Procedure 26(b)(5) no later than September 28, 2020.

**5. Defendant Graves' March 2, 2020 First Request for Answers to Interrogatories to Third-Party Defendant Stefanie Bade-Castro**

Third-Party Defendant Stefanie Bade-Castro has failed to provide a verified response to Defendant Graves' March 2, 2020 First Request for Answers to Interrogatories to Third-Party Defendant Stefanie Bade-Castro as required under Rule 33(b)(3). Although counsel for Ms. Bade-Castro provided an unverified written response on August 10, 2020, see ECF No. 84-2, no verified response has been produced.

No later than September 28, 2020, Ms. Bade-Castro shall serve a verified written response to Defendant Graves' March 2, 2020 First Request for Answers to Interrogatories to Third-Party Defendant Stefanie Bade-Castro and shall file a Certificate of Service evidencing her compliance.

**6. Defendant Graves' March 2, 2020 First Request for Production of Documents to Third-Party Defendant Stefanie Bade-Castro**

It is undisputed that Third-Party Defendant Stefanie Bade-Castro has failed to provide a written response to Defendant Graves' March 2, 2020 First Request for Production of Documents to Third-Party Defendant Bade-Castro and

has not produced any documents responsive to these requests. The S&G Parties offer no explanation Ms. Bade-Castro's failure to comply with her discovery obligations in their Opposition. See ECF No. 86.

No later than September 28, 2020, Ms. Bade-Castro shall produce all documents responsive to Defendant Graves' March 2, 2020 First Request for Production of Documents to Third-Party Defendant Stefanie Bade-Castro in .pdf format. All documents produced by Ms. Bade-Castro shall be Bates stamped for identification. No later than September 28, 2020, Ms. Bade-Castro shall produce a written response to Defendant Graves' March 2, 2020 First Request for Production of Documents to Third-Party Defendant Stefanie Bade-Castro identifying the Bates range of the documents produced in response to each request. If no such documents exist, Ms. Bade-Castro shall provide a declaration stating that thorough and reliable search was conducted and no documents responsive to the specific discovery request were found. To the extent Ms. Bade-Castro is withholding any documents on the basis of privilege, Ms. Bade-Castro shall produce a privilege log in compliance with Federal Rule of Civil Procedure 26(b)(5) no later than September 28, 2020.

**7. Defendant Graves' March 2, 2020 Second Request for Production of Documents to S&G Labs Hawaii, LLC**

It is undisputed that S&G Labs Hawaii, LLC did not provide written

responses or produce any documents in response to Defendant Graves' March 2, 2020 Second Request for Production of Documents to S&G Labs Hawaii, LLC. After the present Motion was filed, on August 10, 2020, S&G Labs Hawaii, LLC Parties produced written responses to Defendant Graves' March 2, 2020 Second Request for Production of Documents to S&G Labs Hawaii, LLC. See ECF No. 87 at 4 n.1. However, no documents responsive to these requests were produced.

No later than September 28, 2020, S&G Labs Hawaii, LLC must produce all documents responsive to Defendant Graves' March 2, 2020 Second Request for Production of Documents to S&G Labs Hawaii, LLC in .pdf format. All documents produced by S&G Labs Hawaii, LLC shall be Bates stamped for identification. No later than September 28, 2020, S&G Labs Hawaii, LLC shall produce a supplemental written response to Defendant Graves' March 2, 2020 Second Request for Production of Documents to S&G Labs Hawaii, LLC identifying the Bates range of the documents produced in response to each request. If no such documents exist, S&G Labs Hawaii, LLC shall provide a declaration from a corporate representative stating that thorough and reliable search was conducted and no documents responsive to the specific discovery request were found. To the extent S&G Labs Hawaii, LLC is withholding any documents on the basis of privilege, S&G Labs Hawaii, LLC shall produce a privilege log in

compliance with Federal Rule of Civil Procedure 26(b)(5) no later than September 28, 2020.

**B. Defendant Graves' Request for Reasonable Expenses is GRANTED**

Defendant Graves requests an award attorneys' fees and costs related to this discovery dispute. See ECF No. 84-1 at 25; ECF No. 87 at 12. Under Rule 37(a)(5), if discovery is provided after a motion to compel is filed or if the Court grants a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not award reasonable expenses if the nondisclosure or response was "substantially justified," or "other circumstances made an award of expenses unjust." Id.

The Court finds that the S&G Parties' actions in this discovery dispute were not substantially justified. The S&G Parties bear the burden of establishing that their position was substantially justified. See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106-07 (9th Cir. 2001). Substantial justification requires a showing that the discovery conduct has "a reasonable basis in both law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The discovery conduct

must meet "the traditional reasonableness standard—that is justified in substance or in the main, or to a degree that could satisfy a reasonable person." Id. (internal quotations omitted). Reasonable people could not differ on whether the S&G Parties' conduct in this discovery dispute was appropriate. As detailed in the Motion and Reply, the S&G Parties failed to provide written discovery responses for months without explanation. Further, counsel for the S&G Parties frequently failed to respond to efforts to contact him regarding the status of discovery. Although the Court understands that the COVID-19 emergency has caused delays, this does not justify counsel's or the S&G Parties' repeated failure to comply with their discovery obligations for months. As noted above, the discovery at issue was served in January and March 2020. Defendant Graves attempted to resolve these discovery issues informally for months before filing the present Motion. Despite being given repeated opportunities to fulfil their discovery obligations, it was not until after the present Motion was filed that the S&G Parties provided certain discovery responses and, even then, several responses remain deficient. In these circumstances, the Court finds that the S&G Parties' actions were not substantially justified. Further, the S&G Parties have not shown that any other circumstances made an award of expenses unjust. See Fed. R. Civ. P. 37(a)(5)(A).

No later than October 5, 2020, Defendant Graves may file a supplemental declaration detailing the reasonable expenses incurred related to the

Motion. The supplemental declaration should contain sufficient information for the Court to determine the reasonableness of the work completed and the hourly rate requested. No later than October 19, 2020, the S&G Parties may file a response to Defendant Graves' supplemental submission. Thereafter, the Court will issue an order regarding the award of reasonable expenses.

CONCLUSION

Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Darren Graves' Motion to Compel Plaintiff/Counterclaim Defendant S&G Labs Hawaii, LLC, Third-Party Defendant Lynn Puana, M.D. and Third-Party Defendant Stefanie Bade-Castro's Responses to Darren Graves' Discovery Requests is GRANTED as follows. Defendant S&G Labs Hawaii, LLC, Third-Party Defendant Lynn Puana, M.D., and Third-Party Defendant Stefanie Bade-Castro shall serve the discovery responses detailed above no later than September 28, 2020. The Court finds that Defendant Graves is entitled to an award of reasonable expenses incurred in making the Motion. No later than October 5, 2020, Defendant Graves may file a supplemental declaration detailing the reasonable expenses incurred. No later than October 19, 2020, the S&G Parties may file a response to Defendant Graves' supplemental submission. Thereafter, the Court will issue an order regarding the award of reasonable expenses.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 10, 2020.

Wes Reber Porter
United States Magistrate Judge

**<u>S&G LABS HAWAII, LLC V. DARREN GRAVES</u>; CIVIL NO. 19-00310 LEK-WRP; ORDER GRANTING DARREN GRAVES' MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**