IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| S&G LABS HAWAII, LLC, a Hawaii Limited Liability Company,<br><br>      Plaintiff and<br>      Counterclaim<br>      Defendant,<br><br>  vs.<br><br>DARREN GRAVES,<br><br>      Defendant and<br>      Counterclaim<br>      Plaintiff.<br>_____<br>DARREN GRAVES,<br><br>      Third-Party<br>      Plaintiff,<br><br>  vs.<br><br>LYNN PUANA, M.D. and<br>STEFANIE BADE-CASTRO,<br><br>      Third-Party<br>      Defendants.<br>_____ | CIVIL 19-00310 LEK-WRP |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERION [sic]
ON ORDER GRANTING SUMMARY JUDGMENT AS TO
<u>COUNTS 3 THROUGH 9 OF THE FIRST AMENDED COMPLAINT</u>**

On February 17, 2021, the Order Granting Defendant's

Motion for Summary Judgment ("2/17/21 Order") was issued.  [Dkt.

no. 121.[1]]  Before the Court is Plaintiff/Counterclaim Defendant S&G Labs Hawaii, LLC's ("S&G") motion for reconsideration of the 2/17/21 Order ("Motion for Reconsideration"), filed on March 4, 2021.  [Dkt. no. 132.]  Defendant/Counter Claimant/Third-Party Plaintiff Darren Graves ("Graves") filed his memorandum in opposition on March 12, 2021.  [Dkt. no. 134.]  The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  S&G's Motion for Reconsideration is hereby denied for the reasons set forth below.

## BACKGROUND

The factual and procedural background of this case is set forth in the 2/17/21 Order and will not be repeated here.  In the 2/17/21 Order, this Court granted summary judgment in Graves's favor as to all of S&G's claims in its First Amended Complaint, [filed 3/1/20 (dkt. no. 63)].

The Motion for Reconsideration does not contest the grant of summary judgment as to Count I, S&G's claim under the Defend Trade Secrets Act, and Count II, its claim under the Hawai`i Uniform Trade Secrets Act.  As to Counts III through

---

[1] The 2/17/21 Order addressed the Motion for Summary Judgment ("Motion"), filed on November 4, 2020.  [Dkt. no. 95.] The 2/17/21 Order is also available at 2021 WL 621429.

2

VIII, which allege various breaches of Graves's Employment Agreement,[2] S&G alleges this Court erred in granting summary judgment in Graves's favor on a ground that he did not assert in the Motion - S&G's inability to establish damages. As to Count IX, S&G's claim seeking a declaratory judgment that Graves breached his Employment Agreement, S&G argues: 1) the Motion did not present any argument indicating that Graves sought summary judgment as to Count IX; and 2) this Court erred in granting summary judgment because Count IX could proceed, even in the absence of Counts III through VII.

## STANDARD

Although the 2/17/21 Order is not dispositive of the entire case, it is dispositive of all of S&G's claims. Plaintiff's Motion for Reconsideration is therefore "governed by Fed. R. Civ. P. 59 or 60, as applicable." See Local Rule LR60.1. Because no judgment has been issued in this case, Fed. R. Civ. P. 60 applies. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Rule 60(b) states, in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final . . . order, or proceeding for the following reasons: (1) mistake,

---

[2] The 2/17/21 Order describes the breaches alleged in each count. 2021 WL 621429, at *7.

inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." The Ninth Circuit has stated:

> We use Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). To receive relief under Rule 60(b)(6), a party must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." [Cmty. Dental Servs. v.] Tani, 282 F.3d [1164,] 1168 [(9th Cir. 2002)] (citing Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam)).

Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010) (some alterations in Lal).

As to motions for reconsideration in general, this district court has stated:

> A motion for reconsideration must: (1) demonstrate reasons that the court should reconsider its prior decision; and (2) must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Fisher v. Kealoha, 49 F. Supp. 3d 727, 734 (D. Haw. 2014). The Ninth Circuit has said that reconsideration may be appropriate if: (1) the district court is presented with newly discovered evidence; (2) the district court committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).
>
> Mere disagreement with a previous order is an insufficient basis for reconsideration. Fisher, 49 F. Supp. 3d at 735. This court "'enjoys considerable discretion in granting or denying the motion.'" Allstate Ins. Co. v.

4

> Herron, 634 F.3d 1101, 1111 (9th Cir. 2011)
> (quoting McDowell v. Calderon, 197 F.3d 1253,
> 1255 n.1 (9th Cir. 1999) (en banc)).

Smith v. Frink, Civil No. 20-00377 SOM-RT, 2020 WL 7130511, at *2 (D. Hawai`i Dec. 4, 2020) (footnote omitted).  There is no newly discovered evidence or intervening change in the controlling law at issue in the Motion for Reconsideration.  Thus, the issue before this Court is whether there is a mistake or clear error in the 2/17/21 Order that must be addressed to prevent manifest injustice.

## DISCUSSION

### I. Counts III Through VIII

S&G asserts Graves's Motion did not argue he was entitled to summary judgment as to Counts III through VIII on the ground that S&G cannot establish damages.  S&G therefore argues it was improper for this Court to reach that issue in the 2/17/21 Order.

First, summary judgment was granted in Graves's favor as to Count III because S&G did not identify sufficient evidence to raise a genuine issue of fact as to whether Graves disclosed confidential information or as to whether he assisted one of S&G's competitors.  Summary judgment was not granted based on S&G's inability to show that it suffered damages because of the conduct alleged in Count III.  See 2/17/21 Order, 2021 WL 621429, at *12.  S&G's Motion for Reconsideration does not

present any ground that warrants reconsideration of this Court's analysis of Count III. To the extent that the Motion for Reconsideration seeks reconsideration as to Count III, the motion is denied.

Summary judgment was granted in favor of Graves as to Counts IV, V, and VII because of S&G's inability to establish damages. See 2/17/21 Order, 2021 WL 621429, at *13-14, *16. As to Counts VI and VIII, S&G's inability to establish damages was an alternate ground.[3] Id. at *15-16. Graves's Motion did not expressly assert that he was entitled to summary judgment because of S&G's inability to establish damages. However, the Motion identified the elements of a breach of contract claim - including the element that the breach must have caused the plaintiff to suffer damages - and the Motion argued all of the elements must be established for a plaintiff to prevail on a breach of contract claim. [Mem. in Supp. of Motion at 20.] Graves's position was clarified in his reply in support of the Motion ("Reply"). See Reply at 8 ("S&G cannot establish at least two elements for a breach of contract claim — that S&G (a) performed its own obligations under the contract and

---

[3] This Court first noted that "S&G's sole remedy for the conduct at issue in Counts VI and VIII is the remedy provided in paragraph 10(b) [of the Employment Agreement], termination of his employment for cause." 2/17/21 Order, 2021 WL 621429, at *15. The Motion for Reconsideration does not address that portion of the analysis of Counts VI and VIII.

6

(b) suffered damages caused by Graves' alleged breach."). This Court therefore rejects S&G's argument that the 2/17/21 Order improperly ruled on an issue which was not presented in Graves's Motion. Because S&G does not present any other argument in support of its request for reconsideration of the 2/17/21 Order as to Counts IV through VIII, the Motion for Reconsideration is denied as to those claims.

## II.   Count IX

S&G first argues this Court erred in granting summary judgment as to Count IX because the Motion did not seek summary judgment as to Count IX. S&G is incorrect. The Motion clearly sought summary judgment in Graves's favor "on **all** of S&G's claims against him as asserted in the First Amended Complaint." See Mem. in Supp. of Motion at 24 (emphasis added); see also id. at 20 ("S&G Labs Has Failed To Establish A Claim For Breach of Contract (Third to **Ninth** Causes of Action)" (emphasis added)).

S&G next argues Count IX should have been allowed to proceed, even though summary judgment was granted in Graves's favor as to Counts III through VIII. 28 U.S.C. § 2201(a) states, in pertinent part: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, **may** declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be

7

sought." (Emphasis added.) Section 2201(a) "gives discretion to courts in deciding whether to entertain declaratory judgments[.]" Am. States Ins. Co. v. Kearns, 15 F.3d 142, 144 (9th Cir. 1994).

This Court has exercised the discretion given in § 2201(a) by construing Count IX, not as an independent claim, but as a request for a remedy for the claims alleged in Counts III through VIII. See 2/17/21 Order, 2021 WL 621429, at *16 ("Count IX does not allege any breaches of contract other than what is alleged in Counts III through VIII. Instead, Count IX merely seeks a remedy for those alleged breaches of contract claims, and Count IX is not an independent cause of action."). This Court declined to allow Count IX to proceed as a claim independent from Counts III through VIII because the issue about which S&G seeks a declaratory judgment - whether Graves violated his Employment Agreement - will also be addressed in S&G's defense against the claims in Graves's Second Amended Counterclaim, [filed 5/6/20 (dkt. no. 72-1)]. S&G does not present any reason that requires reconsideration of this Court's discretionary decision not to allow S&G's request for a declaratory judgment to proceed under the circumstances of this case. The Motion for Reconsideration is therefore denied as to Count IX.

**CONCLUSION**

For the foregoing reasons, S&G's Motion for Reconsiderion [sic] on Order Granting Summary Judgment as to Counts 3 Through 9 of the First Amended Complaint, filed March 4, 2021, is HEREBY DENIED.

The Clerk's Office is DIRECTED to terminate S&G and Graves, in their capacities as Plaintiff and Defendant, respectively, pursuant to this Court's February 17, 2021 Order Granting Defendant's Motion for Summary Judgment.  Only the claims in Graves's Second Amended Counterclaim and the claims in his First Amended Third-Party Complaint, [filed 5/6/20 (dkt. no. 72-3),] remain for trial.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 19, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**S&G LABS HAWAII, LLC VS. DARREN GRAVES, ETC.; CV 19-00310; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERION [SIC] ON ORDER GRANTING SUMMARY JUDGMENT AS TO COUNTS 3 THROUGH 9 OF THE FIRST AMENDED COMPLAINT**