# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 19-00310 LEK-WRP |
| CASE NAME: | S&G Labs Hawaii, LLC vs. Darren Graves |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 03/25/2021 |

COURT ACTION:  EO: COURT ORDER REGARDING MOTIONS IN LIMINE

  Counter Claimant/Third-Party Plaintiff Darren Graves ("Graves") and Counterclaim Defendant S&G Labs Hawaii, LLC ("S&G"), and Third-Party Defendants Lynn Puana, M.D. ("Dr. Puana"), and Stefanie Bade-Castro ("Bade-Castro" and collectively "Third-Party Defendants") filed their respective motions in limine.  The Court hereby rules as follows:

1. **Graves's Motion in Limine No. 1 to Preclude S&G Labs Hawaii, LLC, Lynn Puana, M.D., and Stefanie Bade-Castro from Providing Expert Testimony, [filed 3/16/21 (dkt. no. 135),] ("MIL 1").**

  In MIL 1, Graves seeks to preclude S&G and the Third-Party Defendants "from providing expert witness testimony and opinions at trial that were not disclosed pursuant to FRCP Rule 26(a)(20(B)."  [Mem. in Supp. of MIL 1 at 2.]

  S&G and the Third-Party Defendants filed their response to Graves's MIL 1 on March 23, 2021.  [Dkt. no. 162.]  They do not oppose MIL 1 and state that they "will comply with the Federal Rules of Evidence, and they intend to offer no expert witness testimony . . . ."  [Id. at PageID #: 2354.]

  MIL 1 is hereby GRANTED.

2. **Graves's  Motion in Limine No. 2 for an Order Precluding Any Reference to Settlement Negotiations Including Failed Settlement Conferences, [filed 3/16/21 (dkt. no. 136),] ("MIL 2").**

  In MIL 2, Graves seeks to preclude reference to or evidence of "settlement negotiations, including failed settlement conferences pursuant to Rule 408 of the Federal Rules of Evidence . . . ."  [Mem. in Supp. of MIL 2 at 2.]

  S&G and the Third-Party Defendants do not oppose MIL 2.  [Response to Graves Motoin [sic] in Limine No. 2, filed 3/23/21 (dkt. no. 161).]

MIL 2 is hereby GRANTED.

3.   **S&G and the Third-Party Defendants' Motion in Limine No. 1, [filed 3/16/21 (dkt. no. 139),] ("Defense MIL 1").**

In Defense MIL 1, S&G and the Third-Party Defendants seek to preclude Graves "from offering evidence or eliciting testimony . . . regarding the Motion for Summary Judgement [sic] filed by Graves (ECF No. 95) or the Order of this Court (ECF No. 121) on that Motion." [Defense MIL 1 at Page ID #: 2051.]

Graves filed his opposition on March 23, 2021 and argues that S&G and the Third-Party Defendants fail to submit legal support for Defense MIL 1. [Dkt. no. 153.] Moreover, he submits that the facts and rulings underlying the Motion for Summary Judgment and the order granting it are relevant to his affirmative claims, and S&G and the Third-Party Defendants have not demonstrated any prejudice that outweighs the probative value of the evidence.

Because the probative value outweighs any prejudice, see Fed. R. Evid. 403, and the disposition of S&G's claims is relevant to Graves's Second Amended Counterclaim and First Amended Third-Party Complaint, [filed 5/6/20 (dkt. nos. 72-1, 72-2),] Defense MIL 1 is hereby DENIED.

4.   **S&G and the Third-Party Defendants' Motion in Limine No. 2, [filed 3/16/21 (dkt. no. 140),] ("Defense MIL 2").**

In Defense MIL 2, S&G and the Third-Party Defendants seek to preclude Graves "from making reference to the existence of any claim for 'unpaid wages'." [Defense MIL 2 at PageID #: 2055.] They argue that Graves does not have a legal claim to payment of money under his employment contract and legislation known as the "Eliminating Kickbacks in Recovery Act" ("EKRA"). [Id.]

In opposition, Graves argues that Defense MIL 2 is an impermissible seeking of a dispositive ruling to bar him from his Haw. Rev. Stat. Chapter 388 claim. [Mem. in Opp. to Defense MIL 2, filed 3/23/21 (dkt. no. 152), at 4 (citing Hana Financial, Inc. v. Hana Bank, 735 F.3d 1158, 1162 (9th Cir. 2013)).]

Because the issue raised is more properly resolved in a motion at the appropriate time pursuant to Rule 50(a) or (b), Federal Rules of Civil Procedure, Defense MIL 2 is hereby DENIED.

5.   **S&G and the Third-Party Defendants' Motion in Limine No. 3, [filed 3/16/21 (dkt. no. 141),] ("Defense MIL 3").**

In Defense MIL 3, S&G and the Third-Party Defendants seek to preclude any reference to the January 2020 arrest of Bade-Castro for driving under the influence because it is unrelated to her employment and the offense has not yet been adjudicated. [Defense MIL 3 at Page ID#: 2061-62.]

Graves opposes Defense MIL 3 on the basis that it is evidence of disparate treatment of Bade-Castro and Graves who both worked as sales representatives but only Graves was terminated for alleged misconduct and Bade-Castro was not. [Mem. in Opp. to Defense MIL 3, filed 3/23/21 (dkt. no. 151), at 3-4.]

Bade-Castro's arrest for driving under the influence is not relevant and thus not admissible. See Fed. R. Evid. 402. Any plausible relevance to show disparate disciplinary measures is tenuous at best, and outweighed by potential prejudice of the arrest being confused by the jury with a conviction. See Fed. R. Evid. 403.

For the foregoing reasons, Defense MIL 3 is hereby GRANTED.

6. **S&G and the Third-Party Defendants' Motion in Limine No. 4, [filed 3/16/21 (dkt. no. 142),] ("Defense MIL 4").**

In Defense MIL 4, S&G and the Third-Party Defendants seek to preclude any reference to or claim of "whistleblower" status under state or federal law. They argue that Graves should not be permitted to claim "whistleblower" status without first offering proof outside the presence of the jury that he took action before termination to merit such status.

Graves argues that Defense MIL 4 is an untimely attempt at a dispositive motion; that his filing of his original counterclaim, [filed 8/19/19 (dkt. no. 35-1),] was a report to a public body and thus protected activity; that, even if the counterclaim was not a report to a public body, he made a report to his employer about violations of wage and hour law; and that evidence of his report of wage and hour law violations is relevant to his wrongful termination in violation of public policy claim. [Mem. in Opp. to Defense MIL 4, filed 3/23/21 (dkt. no. 155), at 1-3.]

For Graves's whistleblower claim, the following applies:

> To establish a prima facie case for retaliation under the Whistleblowers' Act, the plaintiff must prove that (1) he engaged in a protected activity, (2) he was subjected to an adverse employment action, and (3) the adverse employment action resulted because of the participation in the protected activity. See Griffin v. JTSI, Inc., 654 F. Supp. 2d 1122, 1130–32 (D. Haw. 2008) (citing Crosby v. State Dep't of Budget & Fin., 76 Hawai`i 332, 876 P.2d 1300, 1310 (1994)).

Cambron v. Starwood Vacation Ownership, Inc., 945 F. Supp. 2d 1133, 1142–43 (D. Hawai`i 2013).

Graves has made a claim under the Hawai`i Whistleblowers' Protection Act, [Second Amended Counterclaim at ¶¶ 111-15,] and thus has the burden of establishing a prima facie case. S&G and the Third-Party Defendants provide no legal basis to preclude reference to his claim as a "whistleblower."

For the foregoing reasons, Defendant MIL 4 is hereby DENIED.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager