UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| S&G LABS HAWAII, LLC, A HAWAII LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>DARREN GRAVES,<br><br>Defendant. | **CIV. NO. 19-00310 LEK-WRP** |
|---|---|

**ORDER IMPOSING CIVIL CONTEMPT SANCTIONS FOR FAILURE TO PAY THE MAGISTRATE JUDGE'S AWARD OF ATTORNEY'S FEES AND COSTS**

Before the Court is the magistrate judge's May 18, 2021 order to show cause why counsel for Plaintiff/Counterclaim Defendant S&G Labs Hawaii, LLC and Third-Party Defendants Lynn Puana and Stephanie Bade-Castro (all collectively "S&G Parties") should not be held in contempt ("OSC"). [Dkt. no. 195.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). For the reasons set forth below, counsel for the S&G Parties, William Shipley, Jr., Esq., is held in civil contempt and ordered to pay the reasonable attorney's fees and costs that Defendant/Counter Claimant/Third-Party Plaintiff Darren Graves ("Graves") incurred as a result of the conduct at issue in the OSC.

## BACKGROUND

### I. The OSC

The magistrate judge issued certified facts in the OSC. [OSC at 2-5.] Because the S&G Parties have not identified any evidence calling the certified facts into question, the certified facts are adopted as this Court's findings of fact. In sum, on January 15, 2021, the magistrate judge issued an order ruling that Graves was entitled to a discovery sanction of reasonable expenses ("1/15/21 Sanctions Order"),[1] and, on February 17, 2021, the magistrate judge issued an order setting $9,942.40 as the amount of the sanction ("2/17/21 Sanctions Order"), but Mr. Shipley failed to make timely payment of the sanction. [OSC at 3, ¶¶ 4-6; id. at 4, ¶ 11.] The magistrate judge found that Graves incurred $2,912.02 in reasonable attorney's fees and costs pursing the payment of the sanction. [OSC at 5, ¶ 21.] The magistrate judge also: ordered Mr. Shipley to show cause why he should not be held in contempt, based on the certified facts; set a June 18, 2021 hearing on the OSC; and stated, "[i]f Mr. Shipley objects to being held in

[1] The 1/15/21 Sanctions Order is the Order Granting in Part and Denying in Part Darren Graves' Motion for Sanctions for S&G Labs Hawaii, LLC, Lynn Puana, M.D., and Stefanie Bade-Castro's Failure to Comply with Court's September 10, 2020 Order; and the 2/17/21 Sanctions Order is the Order as to Award of Reasonable Expenses to Defendant Graves Related to His Motion for Sanctions. [Dkt. nos. 107, 120.]

contempt, he shall file a legal memorandum of points and authorities containing his objections no later than May 28, 2021." [OSC at 6.]

**II. Subsequent Events**

Mr. Shipley did not file a response to the OSC. At a Friday, June 4, 2021 hearing on other matters in this case, Mr. Shipley stated he intended to file his response to the OSC over the weekend and seek leave of Court to file it after the deadline. [6/4/21 hrg. trans., filed 6/17/21 (dkt. no. 205), at 17.] This Court: informed Mr. Shipley that it would not grant him leave to file a late response to the OSC; vacated the hearing on the OSC; and allowed the parties to file memoranda regarding the issue of what type of civil contempt sanction was appropriate in this case. [Id. at 17-19.]

Mr. Shipley represented to this Court that the check for the $2,912.02 ordered in the OSC was obtained from a bank that morning and "put in the mail th[at] morning." [Id. at 21.] When this Court asked Mr. Shipley why he did not bring the check to the hearing and hand it directly to Graves's counsel, Leighton Hara, Esq., Mr. Shipley responded that he was "not of a mind to be very cooperative with Mr. Hara at this point over several issues, not just this." [Id.] After this Court pointed out that the check would likely arrive the following week,

Mr. Shipley stated he would personally deliver payment to Mr. Hara before the close of business that day. [Id. at 22-23.]

Mr. Shipley delivered a cashier's check, in the amount of $2,912.20, to Mr. Hara at approximately 1:30 p.m. on June 4, 2021. [Graves's Claim for Relief, filed 6/18/21 (dkt. no. 208), Decl. of Counsel ("Hara Decl.") at ¶ 6.] However, Mr. Hara never received the check that Mr. Shipley represented he placed in the mail before the hearing on June 4, 2021. [Id. at ¶ 7.] Graves argues Mr. Shipley should be held in contempt and ordered to pay compensatory sanctions in an amount to be determined by this Court. Graves also argues that, because previously issued monetary sanctions have been effective, a harsher sanction is warranted, specifically, the entry of default judgment in his favor.

In his response, Mr. Shipley points out that he - not the S&G Parties - has paid all awards of attorney's fees and costs. Mr. Shipley argues the OSC only included a **finding** that Graves incurred $2,912.02 in attorney's fees and costs, it did not include an **order** requiring him to pay that amount to Graves. [Counsel's Response Mem. in Re Matter of Remedies for Civil Contempt Citation ("Shipley Response"), filed 6/25/21 (dkt. no. 210), at 3-4.] He states that, because this Court "express[ed] its displeasure" with his failure to pay the $2,912.02 by the time of the June 4, 2021 hearing, he "hand-

delivered a cashier's check for $2,912.02 to opposing counsel later in the afternoon on June 4." [Id. at 4.] Mr. Shipley argues that, because he has paid all court-ordered awards, a coercive civil contempt remedy is not warranted, and "[t]he only appropriate remedy then would be one that is remedial and intended to compensate Graves for any actual losses suffered as a result of the conduct at issue." [Id. at 6.] Finally, Mr. Shipley argues neither terminating sanctions nor other non-compensatory sanctions are not warranted under the circumstances of this case.

**STANDARD**

Civil contempt sanctions are driven by two independent purposes: "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992) (some citations omitted) (citing United States v. United Mine Workers of Am., 330 U.S. 258, 303-04, 67 S. Ct. 677, 701-02 (1947)). This district court has stated:

> The party claiming civil contempt must demonstrate a violation of the court's order by clear and convincing evidence. [In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993).] Accordingly, the moving party must establish that "(1) that [the alleged contemnor] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." United States v. Bright, 596 F.3d 683, 694 (9th

> Cir. 2010) (quoting Labor/Cmty. Strategy Ctr. v. L.A. County Metro. Trans. Auth., 564 F.3d 1115, 1123 (9th Cir. 2009)); see also F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999) ("The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court.").
>
> If the moving party meets this initial four-part test, the burden then shifts to the alleged contemnor to demonstrate why it was unable to comply. Affordable Media, LLC, 179 F.3d at 1239; Stone v. City & Cnty. of San Francisco, 968 F.2d 850, 856 n.9 (9th Cir. 1992). In other words, the accused party must "show [that it] took every reasonable step to comply." Stone, 968 F.2d at 856 n.9 (citation omitted). To assess whether an alleged contemnor has taken "every reasonable step" to comply with the terms of a court order, the court can consider a variety of factors, including, for example, whether the contemnor has a history of noncompliance, and whether the contemnor failed to comply despite the pendency of a contempt motion. See Stone, 968 F.2d at 857.

Frankl v. HTH Corp., 832 F. Supp. 2d 1179, 1186-87 (D. Hawai`i 2011) (some alterations in Frankl).

## DISCUSSION

### I. Contempt

First, Graves has demonstrated, by clear and convincing evidence, that Mr. Shipley violated the 2/17/21 Sanctions Order. See Bright, 596 F.3d at 694 (listing what a party moving for a civil contempt sanction must demonstrate). The 2/17/21 Sanctions Order expressly stated that Mr. Shipley was to pay the $9,942.40 to Graves by "[n]o later than **March 19,**

**2021.**" [2/17/21 Sanctions Order at 6-7 (emphasis in original).] Mr. Shipley did not pay the sanction award by the deadline, which prompted Graves to file a motion for further sanctions. [OSC at 3, ¶ 7; Graves's Motion for Order to Show Cause Regarding Counsel for Counter Def. S&G Labs Hawaii, LLC, Third-Party Def. Lynn Puana, M.D. and Third-Party Def. Stefanie Bade-Castro's Failure to Pay the Court's Award of Attorney's Fees and Costs, filed 4/3/21 (dkt. no. 173) ("4/3/21 Sanctions Motion").] Mr. Hara's office received the $9,942.40 check from Mr. Shipley on April 22, 2021. [Hara Decl. at ¶ 4.] Based on the certified facts in the OSC, which have been adopted by this Court, and based on the record that has been developed after the filing of the OSC, Graves has established by clear and convincing evidence that "Mr. Shipley willfully failed to comply with the [2/17/21] Sanctions Order by failing to pay $9,942.40 as discovery sanctions by March 19, 2021." See OSC at 4-5, ¶ 17.

Second, there is no evidence that Mr. Shipley substantially complied with the 2/17/21 Sanctions Order. Mr. Shipley did not obtain the check for the $9,942.40 sanction until April 5, 2021, which was more than two weeks after the deadline in the 2/17/21 Sanctions Order, and two days after Graves filed the 4/3/21 Sanctions Motion. See OSC at 4, ¶ 14. Mr. Shipley has provided no explanation for that delay. Id.; see also Shipley Response at 2. After he obtained the check, he

had it in his trial binder and intended to give it to Mr. Hara on April 6, 2021, but he did not do so because the trial did not proceed on that day. When it was clear that the jury would be discharged and the trial reset for a later date, Mr. Shipley put away his trial materials, including the check. He apparently forgot about the check until the magistrate judge issued an order on April 21, 2021 that required Mr. Shipley to respond to Graves's 4/3/21 Sanctions Motion. [Shipley Response at 2-3; OSC at 3, ¶ 9.] This Court therefore finds that Graves has established by clear and convincing evidence that Mr. Shipley did not substantially comply with the 2/17/21 Sanctions Order

Third, based on the express language of the 2/17/21 Sanctions Order, there is clear and convincing evidence that Mr. Shipley's failure to comply was not the result of a good faith, reasonable interpretation of the 2/17/21 Sanctions Order.[2]

[2] Mr. Shipley appears to argue he did not immediately pay the $2,912.02 sanction in the OSC, based on a good faith, reasonable interpretation of the OSC. See Shipley Response at 3. However, the conduct that is the basis of the contempt analysis is his failure to pay the $9,942.40 sanction by the deadline established by the magistrate judge in the 2/17/21 Sanctions Order. Mr. Shipley's delay in paying the $2,912.02 sanction is an issue of concern, and his argument that the magistrate judge never actually ordered him to pay that amount is disingenuous. See 4/3/21 Sanctions Motion at 10 ("request[ing] that he be awarded his reasonable expenses, including attorney's fees and costs associated with bringing this Motion"); OSC at 5, ¶ 21 ("find[ing] that Graves has incurred reasonable attorneys' fees and costs in the amount of $2,912.02); OSC at 5-6 (stating the 4/3/21 Sanctions Motion is

(. . . continued)

Because Graves has established the required elements for a civil contempt finding, the burden shifts to Mr. Shipley to demonstrate that he was unable to comply with the 2/17/21 Sanctions Order. See Affordable Media, 179 F.3d at 1239. Mr. Shipley has not carried that burden. As previously noted, he has offered no explanation for his failure to obtain the $9,942.40 check before April 5, 2021, and his statements about the events that occurred after he obtained the check show that he was able to pay the sanction, but merely failed to do so because of distraction or forgetfulness. Mr. Shipley is therefore held in civil contempt.

## II. Sanctions

Having found Mr. Shipley to be in civil contempt, the Court turns to the issue of what the appropriate sanction is. "Unlike the punitive nature of criminal [contempt] sanctions, civil [contempt] sanctions are wholly remedial." Whittaker Corp., 953 F.2d at 517 (citation omitted). Graves and his counsel are understandably frustrated with Mr. Shipley's conduct. However, Mr. Shipley did ultimately pay both the $9,942.40 sanction and the $2,912.20 sanction, [Hara Decl. at ¶¶ 4, 6,] and Graves has not identified any other outstanding sanction awards that either Mr. Shipley or the S&G Parties must

granted). The delayed payment of the $2,912.02 sanction is not the basis of the contempt analysis in this Order.

still pay. Therefore, a sanction to coerce Mr. Shipley to comply with court orders is not necessary. Any sanctions ordered as a result of the civil contempt finding must be limited to compensating Graves for the losses that he sustained because of Mr. Shipley's conduct. See Whittaker Corp., 953 F.2d at 517.

In light of the compensatory purpose of the civil contempt sanction in this case, Graves's request for terminating sanctions and his request for any other sanctions related to the merits of the claims in this case must be denied. Although the United States Supreme Court has "long recognized a common-law exception to the general 'American rule' against fee-shifting — an exception, inherent in the power of the courts that applies for willful disobedience of a court order or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 557 (2014) (brackets, citation, and some quotation marks omitted), this Court finds that an award of reasonable attorney's fees and costs is an appropriate civil contempt sanction under the circumstances of this case. The OSC awarded Graves reasonable attorney's fees and costs incurred up to the date of the OSC. Civil contempt sanctions are warranted to compensate Graves for the reasonable attorney's fees and costs he incurred, where applicable: 1) to prepare for the

scheduled June 18, 2021 hearing on the OSC, before the hearing was vacated; 2) during the portion of the June 4, 2021 hearing that the OSC was addressed; 3) to prepare the Claim for Relief; 4) to review the Shipley Response; 5) to review the instant Order; and 6) to prepare the documentation necessary to establish the amount of the sanctions. These sanctions are sufficient to fulfill the remedial purpose of civil contempt and will compensate Graves for the losses that he sustained due to Mr. Shipley's willful disobedience of the 2/17/21 Sanctions Order.

## CONCLUSION

For the foregoing reasons, William Shipley, Jr., Esq., has not shown cause as to why he should not be held in contempt. Therefore, Mr. Shipley is HELD IN CIVIL CONTEMPT and ORDERED to pay sanctions representing Graves's reasonable attorney's fees and costs incurred as described above. Graves is DIRECTED to file supporting documentation identifying those amounts by **November 22, 2021.** Mr. Shipley may file an optional response by **December 6, 2021.** The response must be limited to the reasonableness of the amounts requested, *i.e.*, the response cannot be used to seek reconsideration of either the contempt finding or the decision to award reasonable attorney's fees and costs. This Court will issue a separate order determining the amount of the civil contempt sanction.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 21, 2021.

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**S&G LABS HAWAII, LLC VS. DARREN GRAVES**; **CV 19-00310 LEK-WRP; ORDER IMPOSING CIVIL CONTEMPT SANCTIONS FOR FAILURE TO PAY THE MAGISTERATE JUDGE'S AWARD OF ATTORNEY'S FEES AND COSTS**

12