IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
S&G LABS HAWAII, LLC, a Hawaii)    CIVIL 19-00310 LEK-WRP
Limited Liability Company,    )
                              )
        Plaintiff and         )
        Counterclaim          )
        Defendant,            )
                              )
    vs.                       )
                              )
DARREN GRAVES,                )
                              )
        Defendant and         )
        Counterclaim          )
        Plaintiff.            )
_____)
DARREN GRAVES,                )
                              )
        Third-Party           )
        Plaintiff,            )
                              )
    vs.                       )
                              )
LYNN PUANA, M.D. and          )
STEFANIE BADE-CASTRO,         )
                              )
        Third-Party           )
        Defendants.           )
_____)
```

**ORDER DETERMINING AMOUNT OF CIVIL CONTEMPT SANCTION**

On October 21, 2021, this Court issued the Order Imposing Civil Contempt Sanctions for Failure to Pay the Magistrate Judge's Award of Attorney's Fees and Costs ("10/21/21 Order"). [Dkt. no. 214.[1]] William Shipley, Jr., Esq., counsel

---

[1] The 10/21/21 Order is also available at 2021 WL 4927494.

for Plaintiff/Counterclaim Defendant S&G Labs Hawaii, LLC and Third-Party Defendants Lynn Puana and Stephanie Bade-Castro, was held in civil contempt and ordered to pay sanctions representing Defendant/Counter Claimant/Third-Party Plaintiff Darren Graves's ("Graves") reasonable attorney's fees and costs, as described in the order. 10/21/21 Order, 2021 WL 4927494, at *4. This Court finds that $5,320.94 represents the reasonable attorney's fees incurred by Graves as a result of the civil contempt. Mr. Shipley is ordered: to pay that amount to Graves, through Graves's counsel, by no later than **April 11, 2022**; and to file a declaration confirming the timely payment of the award, by no later than **April 14, 2022**.

## DISCUSSION

In the 10/21/21 Order, this Court found that

> [c]ivil contempt sanctions are warranted to compensate Graves for the reasonable attorney's fees and costs he incurred, where applicable: 1) to prepare for the scheduled June 18, 2021 hearing on the OSC, before the hearing was vacated; 2) during the portion of the June 4, 2021 hearing that the OSC was addressed; 3) to prepare the Claim for Relief; 4) to review the Shipley Response; 5) to review the [10/21/21] Order; and 6) to prepare the documentation necessary to establish the amount of the sanctions.

2021 WL 4927494, at *4.[2]  Graves requests $5,956.00 in attorney's fees and $280.65 in general excise tax ("GET"), for a total of $6,236.65.  [Decl. of Leighton M. Hara in Supp. of Counter Claimant/Third-Party Plaintiff Darren Graves' Application for Attorneys' Fees and Costs ("Hara Decl."), filed 11/22/21 (dkt. no. 216), at ¶ 5.]  The request reflects the following hours spent by counsel and their support staff:

| Name | Hourly Rate | Hours Spent | Subtotal |
|---|---|---|---|
| Leighton Hara | $250 | 10.1 | $2,525.00 |
| Jennifer Ueki | $200 | 0.7 | $ 140.00 |
| Kallista Hiraoka | $185 | 17.4 | $3,219.00 |
| Kelly Nishimura | $ 90 | 0.8 | $   72.00 |
| | | Total | $5,956.00 |
| | | 4.712% GET | $  280.65 |
| | | **Grand Total** | **$6,236.65** |

Graves did not incur any litigation costs associated with the work described in the 10/21/21 Order.  See Hara Decl. at ¶ 5.

> Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).[3]  "Under the lodestar method, the district court multiplies the number of hours the prevailing party reasonably expended on the litigation by a

---

[2] On May 18, 2021, the magistrate judge issued an order to show cause why Mr. Shipley should not be held in contempt ("OSC").  [Dkt. no. 195.]  The OSC awarded Graves reasonable attorney's fees and costs incurred up to the date of the OSC.  [Id. at 5-6.]  On June 18, 2021, Graves filed his Claim for Relief, setting forth his position on what sanctions would be appropriate, and Mr. Shipley filed a response to the Claim for Relief ("Shipley Response") on June 25, 2021.  [Dkt. nos. 208, 210.]

[3] Hensley was superseded on other grounds by the Prison Litigation Reform Act.  See, e.g., Vasquez v. Kraft Heinz Foods Co., Case No. 3:16-cv-2749-WQH-BLM, 2020 WL 1550234, at *7 (S.D. Cal. Apr. 1, 2020).

> reasonable hourly rate." Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013) (citations and internal quotation marks omitted).

Soderholm Sales & Leasing, Inc. v. BYD Motors Inc., Civil No. 19-00160 LEK-KJM, 2022 WL 464905, at *2 (D. Hawai`i Jan. 31, 2022), *report and recommendation adopted*, 2022 WL 463337 (Feb. 15, 2022).

## I. Reasonable Hourly Rate

The magistrate judge previously found Mr. Hara's and Ms. Ueki's hourly rates to be reasonable. The magistrate judge also found that $90 was a reasonable hourly rate for Sara Nakayama, another paralegal working on this case. [Order as to Award of Reasonable Expenses to Defendant Graves Related to His Motion to Compel Responses to Discovery Requests, filed 10/29/20 (dkt. no. 93) ("10/29/20 Order"), at 3-4.] Ms. Nishimura's experience and expertise are comparable to that of Ms. Nakayama. Compare id. with Hara Decl. at ¶ 10.d. This Court therefore finds that Mr. Hara's, Ms. Ueki's, and Ms. Nishimura's requested hourly rates are reasonable.

The 10/29/20 Order, however, did not address Ms. Hiraoka's hourly rate, nor did the 10/29/20 Order address the hourly rate of another attorney with comparable experience and expertise to that of Ms. Hiraoka. This Court must therefore analyze whether Ms. Hiraoka's requested hourly rate is reasonable.

> When determining a reasonable hourly rate, the Court considers the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. Roberts v. City of Honolulu, 938 F.3d 1020, 1023 (9th Cir. 2019) (citing Kelly v. Wengler, 822 F.3d 1085, 1099 (9th Cir. 2016)); Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002) (citing Chalmers v. City of L.A., 796 F.2d 1205, 1210-11 (9th Cir. 1986)). The relevant community is the forum in which the district court sits. Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 979 (9th Cir. 2008).

Soderholm Sales, 2022 WL 464905, at *2. The party requesting a fee award is responsible for submitting evidence supporting the hourly rate sought, and the party opposing the request has the burden of rebutting that evidence. Id. at *2-3 (citing Roberts, 938 F.3d at 1023-24). However, "when determining the reasonable hourly rate, 'district courts may also use their own knowledge of customary rates and their experience concerning reasonable and proper fees.'" Id. at *3 (brackets and some internal quotation marks omitted) (quoting Sam K. ex rel. Diane C. v. Haw. Dep't of Educ., 788 F.3d 1033, 1041 (9th Cir. 2015)).

In the instant case, the relevant work performed occurred from May 7, 2021 to November 11, 2021. See Hara Decl., Exh. B (itemization of relevant work). Ms. Hiraoka was admitted in 2020 to practice law in all courts within the State of Hawai`i. [Hara Decl. at ¶ 10.c.] Based on this Court's knowledge of the prevailing rates in the legal community and the recent decisions in this district court, this Court finds that

5

$185 per hour is a reasonable rate for an attorney with Ms. Hiraoka's experience. For example, this district court has found $210 per hour to be a reasonable hourly rate for work performed in 2019, and $220 to be a reasonable rate for work in 2020, by an attorney who was admitted to the Hawai`i bar in 2017. The Arc in Haw. v. DB Ins. Co., CIVIL NO. 20-00112-ACK-WRP, 2021 WL 4566723, at *4 (D. Hawai`i Sept. 17, 2021), *report and recommendation adopted*, 2021 WL 4558196 (Oct. 5, 2021). This Court therefore finds that Ms. Hiraoka's requested hourly rate is reasonable.

**II. Hours Reasonably Expended**

> The fee applicant bears the burden of documenting the hours expended and must submit evidence in support of the hours worked. Hensley, 461 U.S. at 437; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992). The prevailing party bears the burden of proving that the fees requested are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm. Mut. Auto. Ins. Co., 821 F. Supp. 6[32], 636 (D. Haw. 1993) (citations omitted). The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. Gates, 987 F.2d at 1397-98.
>
> The Court, however, has its own "independent duty to review the submitted itemized log of hours to determine the reasonableness of the hours requested in each case." Irwin v. Astrue, No. 3:10-CV-545-HZ, 2012 WL 707090, at *1 (D. Or. Mar. 5, 2012) (citing Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001)). . . .

6

Soderholm Sales, 2022 WL 464905, at *3-4. Thus, although Mr. Shipley did not file a response to the Hara Declaration, this Court must still review the requested hours to determine whether they were reasonably incurred.

### A.     Work Beyond the Scope of the 10/21/21 Order

Exhibit B to the Hara Declaration includes attorney's fees incurred on substantive tasks that are beyond the scope of the award in the 10/21/21 Order. A hearing on the OSC was originally scheduled for June 18, 2021. See OSC at 6. After this Court briefly addressed the OSC at the June 4, 2021 oral argument regarding Graves's trade secrets counterclaims, this Court vacated the June 18, 2021 hearing. See Minute Order - EO: Court's Inclination Regarding Trade Secrets Counterclaims, filed 6/2/21 (dkt. no. 200); Minutes - EP: Oral Argument Hearing, filed 6/4/21 (dkt. no. 201).

In the 10/21/21 Order, this Court ordered that Graves be compensated for attorney's fees incurred preparing for the June 18, 2021 hearing before it was vacated and the portion of the June 4, 2021 hearing addressing issues related to the OSC. See 2021 WL 4927494, at *4. Mr. Hara billed 2.9 hours on July 16, 2021 preparing for and participating in a hearing that the exhibit describes as addressing, *inter alia*, an Order to Show Cause. [Hara Decl., Exh. B at PageID #: 3320.] However,

7

this Court did not hear arguments related to the OSC during the July 16, 2021 oral argument. See Minutes - EP: Oral Argument Regarding Dispositive Motions for Jury Issues, filed 7/16/21 (dkt. no. 211). The 2.9 hours that Mr. Hara billed on July 16, 2021 are unrelated to the work described in the 10/21/21 Order and therefore cannot be included in the civil contempt award.

B. **Clerical or Ministerial Tasks**

The Court also finds that some of the requested hours are not compensable because they reflect attorney's fees charged for clerical or ministerial tasks.

> "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." Jeremiah B. v. Dep't of Educ., Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing Sheffer v. Experian Info. Sols., Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)). The following is a list of clerical and ministerial tasks deemed non-compensable in this district:
>
> > reviewing Court-generated notices; scheduling dates and deadlines; calendaring dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; filing documents with the Court; informing a client that a document has been filed . . . .
>
> Crawford v. Japan Airlines, Civil No. 03-00451 LEK-KSC, 2014 WL 1326576, at *4 (D. Haw. Jan. 22, 2014), *adopted in* 2014 WL 1326580 (D. Haw. Mar. 28, 2014) (citations omitted). This list is not exhaustive, and this district court has deemed other tasks as non-compensable, clerical tasks, such as the identification and organization of exhibits. See Haw. Motorsports Inv., Inc. v. Clayton Grp. Servs., Inc., Civ.

8

>> No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010), *adopted in* 2010 WL 5395669 (D. Haw. Dec. 22, 2010).

Soderholm Sales, 2022 WL 464905, at *10 (alterations in Soderholm Sales).

Ms. Ueki billed 0.2 hours on June 4, 2021 for "[r]eview[ing] Court docket minutes re: DTSA/HUTSA hearing and Show cause briefing schedule." [Hara Decl., Exh. B at PageID #: 3319.] The June 4, 2021 hearing addressed the trade secrets counterclaims, the OSC, and the trial resetting. See dkt. no. 201. The information in the June 4, 2021 minutes regarding the OSC related to filing deadlines and vacating the June 18, 2021 hearing date. Because reviewing dates and deadlines is a ministerial task, 0.2 hours will be deducted from Ms. Ueki's time.

Ms. Hiraoka and Ms. Nishimura billed 0.3 hours and 0.6 hours, respectively, on tasks between June 7 and 10, 2021 related to requests for and receipt of transcripts related to the OSC. See Hara Decl., Exh. B at PageID #: 3319. The ordering of transcripts from a court reporter and the receipt of those transcripts are ministerial tasks, and any fees incurred for those tasks are not among the reasonable attorney's fees awarded in the 10/21/21 Order. This Court will therefore deduct 0.3 hours from Ms. Hiraoka's time and 0.6 hours from Ms. Nishimura's time.

This Court finds that the remaining time entries in Exhibit B reflect time that was reasonably spent on the tasks described in the 10/21/21 Order.

### III. **Award**

This Court finds that the following represents the reasonable attorney's fees that Graves incurred as a result of Mr. Shipley's civil contempt:

| Name | Hourly Rate | Hours Spent | Subtotal |
|---|---|---|---|
| Leighton Hara | $250 | 7.2 | $1,800.00 |
| Jennifer Ueki | $200 | 0.5 | $ 100.00 |
| Kallista Hiraoka | $185 | 17.1 | $3,163.50 |
| Kelly Nishimura | $ 90 | 0.2 | $    18.00 |
|  |  | Total | $5,081.50 |
|  |  | 4.712% GET | $   239.44 |
|  |  | **Grand Total** | **$5,320.94** |

In addition, this Court notes that:

> The lodestar amount may also be adjusted based on an evaluation of the factors in Kerr, which have not been subsumed in the lodestar calculation:
>
> > (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

> Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975). There is a strong presumption that the lodestar amount calculated is reasonable. See Fischer [v. SJB-P.D. Inc.], 214 F.3d [1115,] 1119 n.4 [(9th Cir. 200)] (citing Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987))[.[4]]

Hotel Indus. - ILWU Pension Plan Tr. Fund v. Maris Collective, Inc., CIV. NO. 21-00133 LEK-RT, 2022 WL 432324, at *1 (D. Hawai`i Jan. 27, 2022) (some citations omitted), *report and recommendation adopted*, 2022 WL 426955 (Feb. 11, 2022). Having considered the relevant factors, this Court finds that an adjustment of the lodestar amount is not warranted under the circumstances of this case.

## CONCLUSION

For the foregoing reasons, this Court FINDS that $5,320.94 represents the reasonable attorney's fees that Graves incurred as a result of Mr. Shipley's civil contempt. Mr. Shipley is ORDERED to pay that amount to Graves, through Graves's counsel, by no later than **April 11, 2022**. Payment must be made by hand-delivery to Graves's counsel or by certified mail, return receipt requested. Mr. Shipley is ORDERED to file a declaration confirming the timely payment of the award by no later than **April 14, 2022**. If payment is made by certified

---

[4] Kerr and Delaware Valley were abrogated on other grounds by City of Burlington v. Dague, 505 U.S. 557 (1992).

mail, return receipt requested, copies of the mailing documentation must be attached to the declaration.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 24, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**S&G LABS HAWAII, LLC VS. DARREN GRAVES, ETC.; CV 19-00310 LEK-WRP; ORDER DETERMINING AMOUNT OF CIVIL CONTEMPT SANCTIONS**