ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

S&G LABS HAWAII, LLC, a Hawaii Limited Liability Company,

Plaintiff and Counterclaim Defendant,

vs.

DARREN GRAVES,

Defendant and Counterclaim Plaintiff.

DARREN GRAVES,

Third-Party Plaintiff,

vs.

LYNN PUANA, M.D. and STEFANIE BADE-CASTRO,

Third-Party Defendants.

CIVIL 19-00310 LEK-WRP

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 05 2023

at 4 o'clock and 15 min. P M

CLERK, U.S. District Court

# SPECIAL JURY VERDICT FORM

You must answer all the questions, unless otherwise directed in the instructions. You should read the entire Special Jury Verdict Form before proceeding to answer.

Answer the questions in numerical order. Follow all directions carefully. Each answer requires the unanimous agreement of all members of the jury. If you do not understand any question or wish to communicate with the court, you must do so only in writing through the bailiff.

For convenience and ease of reading, the parties in this lawsuit are referred to as follows:

"The plaintiff" refers to Darren Graves.

"S&G Labs" refers to S&G Labs Hawaii, LLC.

"Dr. Welch" refers to Lynn Puana, M.D. now known as Lynn Welch, M.D.

**SECTION ONE: UNPAID WAGES**

**Question No. 1:** Please state the following amount that existed at the time of the plaintiff's termination on September 9, 2019:

What is the amount of wages legally proven to be due?

$ 354,333.33

Proceed to **SECTION TWO.**

**SECTION TWO: EMPLOYMENT TERMINATION CLAIM**

**Question No. 1:** Has S&G Labs proved by a preponderance of the evidence that it terminated the plaintiff's employment for cause?

**Answer:**

Yes ______ No X

If your answer to Question No. 1 is "Yes", then proceed to **SECTION THREE.**

If your answer to Question No. 1 is "No", then answer Question No. 2.

**Question No. 2:** Has the plaintiff proved by a preponderance of the evidence that the filing of his lawsuit against S&G Labs and Dr. Welch was a substantial or motivating factor in S&G Labs' decision to terminate the plaintiff's employment?

**Answer:**

Yes X No ____

If your answer to Question No. 2 is "Yes", proceed to answer Question No. 3. If your answer to Question No. 2 is "No", proceed to Question No. 5 and do not answer Question Nos. 3 and 4.

**Question No. 3:** Has the plaintiff proved by a preponderance of the evidence that his termination for filing the lawsuit against S&G Labs was a legal cause of damages to him?

**Answer:**

Yes X No ____

If your answer to Question No. 3 is "Yes", proceed to answer Question No. 4. If your answer to Question No. 3 is "No", proceed to answer Question No. 5.

**Question No. 4:** Has the plaintiff proved by a preponderance of the evidence that his employment contract would have been extended for a one-year term from March 6, 2023 to March 6, 2024?

**Answer:**

Yes ____ No X

If your answer to Question No. 4 is "Yes", proceed to answer Question No. 4A. If your answer to Question No. 4 is "No", proceed to answer Question No. 4B.

**Question No. 4A:** Has the plaintiff provided by a preponderance of the evidence that his employment would have been extended for any period after March 6, 2024?

**Answer:**

Yes ______ No ______

If your answer to Question No. 4A is "Yes", please state the length of time that the plaintiff has proved by a preponderance of the evidence that his employment would have continued and ended on: ______________________. Then proceed to answer Question 4B.

If your answer to Question No. 4A is "No", proceed to answer Question No. 4B.

**Question No. 4B:** Please state the damages that the plaintiff has proved by a preponderance of the evidence.

General Damages $ 250,000

Special Damages $ 0

Do not answer Question No. 5, proceed to **SECTION THREE** and answer Question No. 1.

**Question No. 5:** Please state the amount of the severance that the plaintiff proved by a preponderance he is entitled to because S&G Labs terminated his employment without cause.

Severance $______________

Proceed to **SECTION THREE.**

**SECTION THREE: BREACH OF CONTRACT CLAIM**

**Question No. 1:** Has the plaintiff proved by a preponderance of the evidence that S&G Labs' breach of contract was a legal cause of damages to the plaintiff?

**Answer:**

Yes X No ______

If your answer to Question No. 1 is "Yes", proceed to answer Question No. 2. If your answer to Question No. 1 is "No", proceed to **SECTION FOUR** and answer Question No. 1.

**Question No. 2:** What damages has the plaintiff proved by a preponderance of the evidence? (Do not include any unpaid wages awarded in Section One.)

Special Damages $ 3,500,000

Proceed to **SECTION FOUR.**

**SECTION FOUR: DEFAMATION CLAIM**

**Question No. 1:** Has the plaintiff proved by a preponderance of the evidence that Dr. Welch made defamatory statements about him?

**Answer:**

Yes X No ____

If your answer to Question No. 1 is "Yes", proceed to answer Question No. 2. If your answer to Question No. 1 is "No", proceed to **SECTION FIVE.**

**Question No. 2:** Has the plaintiff proved by a preponderance of the evidence that Dr. Welch published defamatory statements to a third party?

**Answer:**

Yes X No ____

If your answer to Question No. 2 is "Yes", proceed to answer Question No. 3. If your answer to Question No. 2 is "No", proceed to **SECTION FIVE.**

**Question No. 3:** Has Dr. Welch proved by a preponderance of the evidence that she had reasonable grounds to believe the statements she published to a third party were true or substantially true?

**Answer:**

Yes ~~X~~ KR      No X

If your answer to Question No. 3 is "Yes", proceed to **SECTION FIVE.** If your answer to Question No. 3 is "No", proceed to answer Question No. 4.

**Question No. 4:** Has the plaintiff proved by a preponderance of the evidence that Dr. Welch's statement or statements were a legal cause of damages to him?

**Answer:**

Yes X      No ____

If your answer to Question No. 4 is "Yes", proceed to answer Question No. 5. If your answer to Question No. 4 is "No", proceed to **SECTION FIVE.**

**Question No. 5:** Please state the damages proved by the plaintiff by a preponderance of the evidence, which shall be in amount of at least $1.

General Damages $ 500,000

Proceed to **SECTION FIVE.**

**SECTION FIVE: PUNITIVE DAMAGES AGAINST S&G LABS**

Only answer Section Five if you answered "Yes" to Section Two, Question No. 3.

If you answered "No" to Section Two, Question No. 3 or were not required to answer that question, then stop and proceed to **SECTION SIX.**

**Question No. 1:** Has the plaintiff proved by clear and convincing evidence that S&G Labs acted intentionally, willfully, wantonly, oppressively, maliciously or in a grossly negligent manner in wrongfully terminating the plaintiff's employment?

**Answer:**

Yes X No ____

If your answer to Question No. 1 is "Yes", proceed to answer Question No. 2. If your answer to Question No. 1 is "No", then do not answer Question No. 2, and proceed to **SECTION SIX.**

**Question No. 2:** State the amount of money required to punish S&G Labs considering its financial condition.

**Answer:**

$ 1,000,000

Proceed to **SECTION SIX.**

**SECTION SIX: PUNITIVE DAMAGES AGAINST DR. WELCH**

Only answer Section Six if you answered "Yes" to Section Four, Question No. 4.

If you answered "No" to Section Four, Question No. 4 or were not required to answer that question, then stop. Sign and date this form.

**Question No. 1:** Has the plaintiff proved by clear and convincing evidence that Dr. Welch acted intentionally,

willfully, wantonly, oppressively, maliciously or in a grossly negligent manner in defaming the plaintiff?

**Answer:**

Yes X No ____

If your answer to Question No. 1 is "Yes", proceed to answer Question No. 2. If your answer to Question No. 1 is "No", then do not answer Question No. 2, and sign and date this form.

**Question No. 2:** State the amount of money required to punish Dr. Welch considering her financial condition.

**Answer:**

$ 2,000,000

Please stop, sign and date this form, and contact the Bailiff.

DATED at Honolulu, Hawai'i, April 5, 2023.

Signed: /S/ Foreperson