IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

S&G LABS HAWAII, LLC, a Hawaii)      CIVIL 19-00310 LEK-WRP
Limited Liability Company,    )
                              )
          Plaintiff and       )
          Counterclaim        )
          Defendant,          )
                              )
     vs.                      )
                              )
DARREN GRAVES,                )
                              )
          Defendant and       )
          Counterclaim        )
          Plaintiff.          )
_____)
DARREN GRAVES,                )
                              )
          Third-Party         )
          Plaintiff,          )
                              )
     vs.                      )
                              )
LYNN PUANA, M.D. and          )
STEFANIE BADE-CASTRO,         )
                              )
          Third-Party         )
          Defendants.         )
_____)

**ORDER DENYING THE S&G PARTIES' ORAL**
**MOTION FOR JUDGMENT AS A MATTER OF LAW**

The jury trial in this case began on March 29, 2023,

and the jury returned its verdict on April 5, 2023.  See Minutes

- EP: Jury Trial Day One (1) Held, filed 3/29/23 (dkt. no. 262);

Minutes - EP: Jury Trial Day 5, Deliberations Part 1 Held, filed

4/5/23 (dkt. no. 273).  On March 31, 2023, after Counter

Claimant/Third-Party Plaintiff Darren Graves ("Graves") rested his case, Counterclaim Defendant S&G Labs Hawaii, LLC ("S&G Labs") and Third-Party Defendant Lynn Puana, M.D., who is now known as Lynn Welch, M.D. ("Dr. Welch" and collectively "S&G Parties"), made an oral motion for judgment as a matter of law, pursuant to Fed. R. Civ. P. 50(a)(1) ("Rule 50(a) Motion"). <u>See</u> Minutes - EP: Jury Trial Day Four (4) Held, filed 3/31/23 (dkt. no. 265). This Court heard argument on the Rule 50(a) Motion and took the matter under advisement. [<u>Id.</u> at PageID.3621.]

## **STANDARD**

Rule 50(a)(1) states:

If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

(A)   resolve the issue against the party; and

(B)   grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

This district court has stated:

The standard for judgment as a matter of law mirrors that for granting summary judgment. <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 149-50 (2000). The Court may not make credibility determinations or weigh evidence when ruling on a motion for judgment as a matter of law. <u>Id.</u> at 149. The Court must view the evidence in the light most favorable to the

> nonmoving party and draw all reasonable
> inferences in that party's favor when evaluating
> a motion for judgment as a matter of law.
> Josephs v. Pac. Bell, 443 F.3d 1050, 1062 (9th
> Cir. 2006).
>
> A district court can grant a Rule 50(a)
> motion for judgment as a matter of law only if
> there is no legally sufficient basis for a
> reasonable jury to find for that party on that
> issue. Krechman v. Cnty. of Riverside, 723 F.3d
> 1104, 1109 (9th Cir. 2013).

Silva v. Chung, Civil No. 15-00436 HG-KJM, 2019 WL 11234196, at

*1 (D. Hawai`i June 19, 2019).

## **DISCUSSION**

The S&G Parties seek judgment as a matter of law in

their favor as to all of the claims litigated at trial.

## I.   **Breach of Contract and Unpaid Wages**

Graves asserts a breach of contract claim against S&G

Labs ("Counterclaim Count III") and an unpaid wages claim,

pursuant to Haw. Rev. Stat. Chapter 388 ("Counterclaim

Count VI").  See Graves's Second Amended Counterclaim Against

Plaintiff and Counterclaim Defendant S&G Labs Hawaii, LLC, a

Hawaii Limited Liability Company, filed 5/6/20 (dkt. no. 72-1)

("Second Amended Counterclaim"), at ¶¶ 66-71, 90-95.  As to each

of those two claims, only the issue of damages was before the

jury.  See Order Regarding Remaining Claims, filed 2/21/23 (dkt.

no. 241), at 5.

S&G Labs argues it is entitled to judgment as a matter of law as to Counterclaim Counts III and VI because Graves failed to prove his damages.  Viewing the evidence in the light most favorable to Graves and drawing all reasonable inferences in his favor, there is a legally sufficient basis for a reasonable jury to find that Graves has proven his damages.  See Josephs, 443 F.3d at 1062; Krechman, 723 F.3d at 1109.

**A.    Damages Prior to the Termination of Employment**

As to the period from S&G Labs' unilateral reduction in Graves's compensation in May 2019 until the termination of his employment on September 9, 2019, Graves submitted:

-his Employment Agreement, which sets forth the compensation that he was entitled to, which consisted of a base salary and "Divisional Net Profits" - i.e., commissions; see Tr. Exh. 4 at Schedule A - Compensation;

-his testimony as to the compensation that he was paid during 2018;

-his pay statements from the beginning of 2019 until the May 20, 2019 pay statement, which reflected first unilateral pay reduction, see Tr. Exh. 9;

-a May 15, 2019 email from Dr. Welch to Graves, stating that she "used a base figure" to determine his pay for the May 20, 2019 pay day;

-his testimony as to the compensation he was paid after the two reductions in his compensation prior to the termination of his employment.

There was testimony and evidence indicating that, even if S&G Labs had continued to pay Graves commission during the period from May 2019 until September 9, 2019, he would not have

4

received the same amount of commissions that he received prior
to that point.  However, in ruling on the S&G Parties'
Rule 50(a) Motion, this Court cannot evaluate witnesses'
credibility or weigh conflicting evidence.  See Reeves, 530 U.S.
at 149.  This Court therefore concludes that Graves has
presented a legally sufficient basis for a reasonable jury to
find the damages that he suffered prior to the termination of
his employment.

In the Rule 50(a) Motion, S&G Labs also argued it had
an equitable justification for failing to pay the commissions
required by Graves's employment agreement.  To the extent that
such a defense is available to S&G Labs, it is an issue of law
that was not sufficiently briefed at the time the Rule 50(a)
Motion was made.  This Court therefore declines to address it at
this time.  S&G Labs may revisit this issue in its renewed
motion for judgment as a matter of law.

### B.   **Damages After the Termination of Employment**

Even if Graves would otherwise be entitled to recover
the full value of the Employment Agreement as a remedy for his
breach of contract claim, the S&G Parties argue his claim fails
because he has failed to present evidence establishing what the
full value of the contract was because Graves has not presented
evidence of S&G Labs' profits after 2019.  As previously noted,
Graves has presented testimony regarding his compensation for

5

2018.  Further, Graves presented an S&G Labs Profit and Loss statement for the years from 2016 to 2019, [Tr. Exh. 2,] and a chart showing the monthly division payouts from March 2017, when Graves began his employment with S&G Labs, until S&G Labs stopped paying commissions in 2019, [Tr. Exh. 89].  Graves also presented the new employment contracts that Dr. Welch proposed, which offered him a salary of one million dollars.  See, e.g., Tr. Exh. 22 (4/23/19 email to Graves from Dr. Welch, transmitting proposed contract).  He testified that, before he could sign the April 23, 2019 version, which did not have a non-compete clause, Dr. Welch sent him another version of the contract that did have a non-compete clause.  See Tr. Exh. 23 (4/29/19 emails between Graves and Dr. Welch, including a new version of the proposed contract).  A reasonable jury could consider this evidence as proof of the full value of the Employment Agreement.

        Viewing the evidence in the light most favorable to Graves and drawing all reasonable inferences in his favor, this Court concludes that Graves has presented a legally sufficient basis for a reasonable jury to make a finding regarding the full value of his Employment Agreement.

        The term of Graves' Employment Agreement was from March 6, 2017 to March 6, 2023.  [Tr. Exh. 4 at ¶ 4.]  However, it also provided that the agreement would "automatically 'roll

over' to successive one-year terms at the end of the initial
Term, on the same terms and conditions," unless either party
provided notice that the party did not wish to renew the
agreement.  [Id.]  Graves testified that he would have stayed
with S&G Labs, allowing the Employment Contract to renew, if
Dr. Welch had not insisted upon the non-compete clause in the
proposed contract.  Although there has been evidence indicating
that Dr. Welch would not have allowed the contract to
automatically renew, in considering the Rule 50(a) Motion, this
Court does not determine the credibility of testimony or weigh
conflicting evidence.

        Viewing the evidence in the light most favorable to
Graves and drawing all reasonable inferences in his favor, this
Court concludes that Graves has presented a legally sufficient
basis for a reasonable jury to find that Graves's Employment
Agreement would have extended beyond the six-year term.

        The S&G Parties' Rule 50(a) Motion is therefore denied
as to Counterclaim Counts III and VI.

## II.  **Wrongful Termination**

        Graves asserts a wrongful termination claim against
S&G Labs under the Hawai`i Whistleblower Protection Act, Haw.
Rev. Stat. § 378-61, *et seq.* ("HWPA" and "Counterclaim Count X")
and a claim asserting wrongful termination, in violation of
public policy ("Counterclaim Count XI").  See Second Amended

Counterclaim at ¶¶ 111-15, 116-21.  As to each of those two claims, only the issues of S&G Labs' defenses and Graves's damages were before the jury.  See Order Regarding Remaining Claims, filed 2/21/23 (dkt. no. 241), at 5-6.

S&G Labs argues it is entitled to judgment as a matter of law as to Counterclaim Counts X and XI because Graves has not shown that his protected activity, filing his claims against S&G Labs, had any role in the termination of his employment.  S&G Labs' argument is rejected because this Court has previously ruled that Graves has established his prima facie case for Counterclaim Counts X and XI.  See Order Ruling on the Parties' Pretrial Briefs; and Granting in Part and Denying in Part the S&G Parties' Motion For Summary Judgment, filed 10/18/21 (dkt. no. 213) ("10/18/21 Order"), at 37, 40, available at 2021 WL 4847430.  As to both claims, a causal connection is an element of the prima facie case.  See 10/18/21 Order, 2021 WL 4847430, at *13, *15.  Thus, it was unnecessary for Graves to prove at trial a causal connection between his protected activity and the termination of his employment.

To the extent that S&G Labs contends it is entitled to judgment as matter of law as to Counterclaim Counts X and XI because Graves failed to prove his damages, this Court rejects S&G Labs' argument for the same reasons set forth as to

Counterclaim Counts III and VI.  The Rule 50(a) Motion is therefore denied as to Counterclaim Counts X and XI.

### III. <u>Defamation</u>

Graves asserts a defamation per se claim against Dr. Welch ("Third-Party Count II") and a defamation/commercial disparagement claim ("Third-Party Count III").  <u>See</u> Graves's First Amended Third-Party Complaint Against Lynn Puana, M.D. and Stefanie Bade-Castro, filed 5/6/20 (dkt. no. 72-2) ("Amended Third-Party Complaint"), at ¶¶ 77-89, 90-97.  Dr. Welch argues she is entitled to judgment as a matter of law as to both of those claims because Graves failed to establish: that Dr. Welch made a false statement about him; that the statement was unprivileged; and that, if a false statement was made, it injured his reputation.  <u>See</u> 10/21/21 Order, 2021 WL 4847430, at *16 (listing the elements of a defamation claim under Hawai`i law); <u>id.</u> at *18 (describing when defamation constitutes defamation per se).

Anthony Arcuria and Taylor Yap each worked for an organization that was an S&G Labs client and that was serviced by Graves prior to his suspension.  It is undisputed that Dr. Welch and other S&G Labs employees met with representatives of such clients after S&G Labs suspended Graves.  Mr. Arcuria had such a meeting with Dr. Welch and Stefanie Bade-Castro ("Ms. Castro"), and Ms. Yap had a telephone conversation with

Dr. Welch after Dr. Welch and Ms. Castro visited Ms. Yap's
organization.  Mr. Arcuria and Ms. Yap each testified that
Dr. Welch said Graves was no longer with the company.  That was
a false statement because, at that time, Graves was merely
suspended and was still employed by S&G Labs.  Dr. Welch knew
the statement was false.  Mr. Arcuria and Ms. Yap each testified
that Dr. Welch said S&G Labs filed a lawsuit against Graves.
Ms. Yap testified that Dr. Welch said Graves stole employees and
trade secrets.  Graves testified that, in late 2019 and 2020, he
tried to get those two organizations back as clients, but he was
unable to do so because the companies did not want to be
involved in the litigation between S&G Labs and Graves.  Viewing
the evidence in the light most favorable to Graves and drawing
all reasonable inferences in his favor, there is a legally
sufficient basis for a reasonable jury to find that Dr. Welch
made false and defamatory statements about Graves to third-
parties and that these statements harmed his professional
reputation.

          Dr. Welch also argues that, even if she made false
statements, Graves has failed to establish the statements were
unprivileged.  She contends the statements were entitled to a
qualified privilege because she made them in the discharge of a
private duty to S&G Labs clients and the statements were about a
matter about which she and the recipients of the statements had

a shared interest - each client needed to know that Graves would not be servicing the account and the client needed to know who its new S&G Labs contact person was.  According to Dr. Welch, she never told the client representatives that Graves's employment had been terminated; she only said he would no longer be servicing the account.  However, in ruling on the Rule 50(a) Motion, this Court cannot determine credibility or weigh evidence.  Viewing the evidence in the light most favorable to Graves and drawing all reasonable inferences in his favor, there is a legally sufficient basis for a reasonable jury to find that Dr. Welch's statements were unprivileged.

Theory The Rule 50(a) Motion is therefore denied as to Third-Party Counts II and III.

## IV. __Punitive Damages__

Finally, the S&G Parties argue they are entitled to a ruling that, as a matter of law, Graves cannot recover punitive damages because he failed to present any evidence of malice.

> "The proper measurement of punitive damages should be the degree of malice, oppression, or gross negligence which forms the basis for the award and the amount of money required to punish the defendant."  Kang v. Harrington, 59 Haw. 652, 663, 587 P.2d 285, 293 (1978) (citation, internal quotation marks, and alterations omitted); see also Ditto v McCurdy, 86 Haw. 84, 92, 947 P.2d 952, 960 (1997) ("the jury needed only to find **either** willful misconduct **or** entire want of care, to wit, gross negligence, in order to properly award punitive damages") (emphasis in original); Best Place, Inc. v. Penn Am. Ins. Co., 82 Haw.

120, 130, 920 P.2d 334, 344 (1996) ("Hawai`i
allows punitive damages for wil[l]ful, malicious,
wanton or aggravated wrongs where a defendant has
acted with a reckless indifference to the rights
of another." (citations and internal quotation
marks omitted)).

Raymond v. Wilcox Mem'l Hosp., Civ. No. 15-00212 ACK-WRP, 2019
WL 3022187, at *8 (D. Hawai`i July 10, 2019) (alteration and
emphases in Raymond).

As to Graves's wrongful termination claim against S&G
Labs, there was testimony that one of the incidents that S&G
Labs cited as grounds for termination occurred at a 2018
Christmas party, approximately nine months prior to the
September 9, 2019 termination letter and six months prior to his
suspension.  See Tr. Exh. 59 (termination letter).  Graves
testified that he was never disciplined for that incident prior
to the termination letter.  Similarly, the loss of the CARE
Hawaii account was known to S&G Labs in March 2019, but Graves
was not disciplined for the loss of that client account prior to
the termination letter.  Further, S&G Labs did not give Graves
the opportunity to respond to the issues cited in the
termination letter before it terminated his employment.
Dr. Welch testified that she did not believe it was necessary to
interview Graves during her investigation into those issues
because Graves is "a liar."  A jury could reasonably infer from
the delay in disciplinary action, the lack of incremental

discipline prior to termination, and the failure to obtain Graves's response to the allegations against him, that the decision to terminate his employment was predetermined and was not based on the purported reasons cited in the termination letter.  Viewing this evidence and the other evidence that Graves presented in the light most favorable to him and drawing all reasonable inferences in his favor, there is a legally sufficient basis for a reasonable jury to find that S&G Labs' conduct when it wrongfully terminated Graves's employment was malicious, oppressive, or grossly negligent.  See Kang, 59 Haw. at 663, 587 P.2d at 293.

        As to Graves's defamation claim against Dr. Welch, when the evidence discussed above, together with all of the evidence that Graves presented, is viewed in the light most favorable to Graves and when all reasonable inferences are drawn in his favor, there is a legally sufficient basis for a reasonable jury to find that Dr. Welch's conduct in defaming Graves was malicious, oppressive, or grossly negligent.

        To the extent that the S&G Parties seek a ruling that Graves cannot recover punitive damages, the Rule 50(a) Motion is denied.

### CONCLUSION

        For the foregoing reasons, the S&G Parties' oral motion for judgment as a matter of law, made on March 31, 2023,

pursuant to Fed. R. Civ. P. 50(a), is HEREBY DENIED in its
entirety.

        IT IS SO ORDERED.

        DATED AT HONOLULU, HAWAII, April 19, 2023.



                                   /s/ Leslie E. Kobayashi
                                   Leslie E. Kobayashi
                                   United States District Judge

**S&G LABS HAWAII, LLC VS. DARREN GRAVES, ETC.; CV 19-00310 LEK-
WRP; ORDER DENYING THE S&G PARTIES' ORAL MOTION FOR JUDGMENT AS
A MATTER OF LAW**