UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| S&G LABS HAWAII, LLC, A HAWAII LIMITED LIABILITY COMPANY,<br><br>        Plaintiff and<br>        Counterclaim<br>        Defendant,<br><br>    vs.<br><br>DARREN GRAVES,<br><br>        Defendant and<br>        Counterclaim<br>        Plaintiff. | CIV. NO. 19-00310 LEK-WRP |

**ORDER DENYING THE S&G PARTIES' CONSOLIDATED MOTIONS
FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO RULE 50,
OR FOR A NEW TRIAL PURSUANT TO RULE 59(E)**

On October 23, 2023, Counterclaim Defendant S&G Labs Hawaii, LLC ("S&G Labs") and Third-Party Defendant Lynn Puana, M.D., who is now known as Lynn Welch, M.D. ("Dr. Welch" and collectively "S&G Parties"), filed their Consolidated Motions for Judgment as a Matter of Law Pursuant to Rule 50, or for a New Trial Pursuant to Rule 59(e) ("Motion"). [Dkt. no. 283.] Counterclaimant/Third-Party Plaintiff Darren Graves ("Graves") filed his memorandum in opposition on November 7, 2023, and the S&G Parties filed their reply on November 21, 2023. [Dkt. nos. 285, 286.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for

the District of Hawaii ("Local Rules"). The S&G Parties' Motion is hereby denied for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case. Thus, only the background that is relevant to the S&G Parties' Motion will be discussed here.

According to the evidence presented at trial, Graves was employed by S&G Labs in a managerial sales position that had a commission-based compensation package. Dr. Welch is the owner and Chief Executive Officer of S&G Labs. In 2019, believing that Graves's employment contract was rendered invalid by the Eliminating Kickbacks in Recovery Act ("EKRA"),[1] Dr. Welch began negotiating a new employment contract with him. Although Dr. Welch's initial contract proposal only contained changes to the compensation terms, she added a non-compete clause in subsequent versions of the proposed contract. Graves, however, never signed the new contract. Dr. Welch unilaterally reduced Graves's compensation, then suspended him and ultimately terminated his employment.

---

[1] EKRA was part of the Substance Use - Disorder Prevention that Promotes Opioid Recovery and Treatment for Patients and Communities Act of 2018. EKRA is Subtitle J of Title VIII of the larger act, Pub. L. 115-271, 132 Stat. 3894, 3900, 4108-10 (2018), and it is codified at Title 18 United States Code Section 220.

This Court ruled that, as a matter of law, the compensation provisions of Graves's employment contract did not violate EKRA, and therefore S&G Labs breached Graves's employment contract and violated Hawai`i Revised Statutes Chapter 388 by unilaterally reducing his periodic compensation and by failing to pay the commissions described in his contract. <u>See</u> Order: Ruling on the Parties' Pretrial Briefs; and Granting in Part and Denying in Part the S&G Parties' Motion for Summary Judgment, filed 10/18/21 (dkt. no. 213) ("10/18/21 Order"), at 31-32.[2]

The following claims were presented to the jury at trial:

-the issue of damages as to Graves's counterclaim for breach of contract ("Counterclaim Count III");[3] <u>see</u> 10/18/21 Order, 2021 WL 4847430, at *21 (granting judgment as a matter of law in favor of Graves as to the issue of liability for Counterclaim Count II);

-the issue of damages as to Graves's counterclaim asserting a Chapter 388 claim for unpaid wages ("Counterclaim Count VI");[4] <u>see</u> <u>id.</u> (granting judgment as a matter of law in favor of Graves as to the issue of liability for Counterclaim Count VI);

---

[2] The 10/18/21 Order is also available at 2021 WL 4847430.

[3] Counterclaim Count II is paragraphs 66-71 of Graves's Second Amended Counterclaim Against Plaintiff and Counterclaim Defendant S&G Labs Hawaii, LLC, a Hawaii Limited Liability Company ("Second Amended Counterclaim"), [filed 5/6/20 (dkt. no. 72-1)].

[4] Counterclaim Count VI is paragraphs 90 to 95 of the Second Amended Counterclaim.

-the issues of S&G Labs' defenses and Graves's damages as to his counterclaim asserting a wrongful termination claim under the Hawai`i Whistleblower Protection Act, Hawai`i Revised Statutes Section 378-61, *et seq.* ("HWPA" and "Counterclaim Count X");[5] see 10/18/21 Order, 2021 WL 4847430, at *21 (ruling that Graves has established his prima facie case as to Counterclaim Count X);

-the issues of S&G Labs' defenses and Graves's damages as to his counterclaim asserting wrongful termination, in violation of public policy ("Counterclaim Count XI");[6] see id. (ruling that Graves has established his prima facie case as to Counterclaim Count XI);

-Graves's third-party claim against Dr. Puana asserting defamation per se ("Third-Party Count II");[7] and

-Graves's third-party claim against Dr. Puana asserting defamation/commercial disparagement ("Third-Party Count III").[8]

The jury was instructed that Graves had an express written employment contract with S&G Labs and that S&G Labs breached the employment contract by unilaterally decreasing his compensation. [Jury Instructions, filed 4/5/23 (dkt. no. 272), at 28.]

The jury ultimately:

---

[5] Counterclaim Count X is paragraphs 111 to 115 of the Second Amended Counterclaim.

[6] Counterclaim Count XI is paragraphs 116 to 121 of the Second Amended Counterclaim.

[7] Third-Party Count II is paragraphs 77 to 89 of Graves's First Amended Third-Party Complaint Against Lynn Puana, M.D. and Stefanie Bade-Castro ("Amended Third-Party Complaint"), [filed 5/6/20 (dkt. no. 72-2)].

[8] Third-Party Count III is paragraphs 90 to 97 of the Amended Third-Party Complaint.

-found that Graves was entitled to $354,333.33 in unpaid wages at the time of his termination ("Counterclaim Count VI Award"); [Special Jury Verdict Form, filed 4/5/23 (dkt. no. 274), at 2;]

-found that S&G Labs did not terminate Graves for cause, found that the filing of his lawsuit against S&G Labs and against Dr. Welch was a substantial or motivating factor in his termination, found that the termination for filing the lawsuit was a legal cause of damages to him, and awarded him $250,000 in general damages ("Counterclaim Counts X and XI Award");[9] [id. at 2-4;]

-found that S&G Labs' breach of contract was a legal cause of damages to Graves and awarded him $3,500,000 in special damages ("Counterclaim Count II Award"); [id. at 4-5;]

-found that Dr. Welch made defamatory statements about Graves and published them to a third-party; found that Dr. Welch did not establish that she reasonably believed the statements were true or substantially true; found that Dr. Welch's statements were a legal cause of damages to him and awarded him $500,000 in general damages ("Third-Party Counts II and III Award");[10] [id. at 5-6;]

-found that S&G Labs acted intentionally, willfully, wantonly, oppressively, maliciously or in a grossly negligent manner when it wrongfully terminated Graves and awarded him $1,000,000 in punitive damages ("S&G Labs Punitive Damages Award"); [id. at 7;] and

-found that Dr. Puana acted intentionally, willfully, wantonly, oppressively, maliciously or in a grossly negligent manner when she defamed Graves and awarded him $2,000,000 in punitive damages ("Dr. Welch Punitive Damages Award"), [id. at 7-8].

---

[9] Although Counterclaim Count X and Counterclaim Count XI, as pled, raised different legal theories, based on the evidence presented at trial, they were presented to the jury as a single wrongful termination claim.

[10] Although Third-Party Count II and Third-Party Count III, as pled, raised different legal theories, based on the evidence presented at trial, they were presented to the jury as a single defamation claim.

On September 25, 2023, the Order Ruling on the Remaining Claims in this Case was issued ("9/25/23 Order"). [Dkt. no. 281.[11]] The Judgment in a Civil Case was also issued on September 25, 2023. [Dkt. no. 282.]

In the instant Motion, the S&G Parties argue they are entitled to judgment as a matter of law as to the claims that were presented to the jury because the jury's verdict is not supported by substantial evidence. In the alternative, they ask that this Court order a new trial as to all of the claims that were presented to the jury. The S&G Parties also seek relief, pursuant to Federal Rule of Civil Procedure 59(e), from this Court's ruling that EKRA did not invalidate Graves's employment contract.

## **STANDARD**

### I.   **Judgment as a Matter of Law**

Federal Rule of Civil Procedure 50(b) states,[12] in pertinent part:

---

[11] The 9/25/23 Order is also available at 2023 WL 6216924. The S&G Parties' Motion does not directly challenge the rulings in the 9/25/23 Order, except insofar as, if this Court granted judgment as a matter of law as to Counterclaim Count VI and/or Third-Party Counts II and III, the ruling would require this Court to vacate the portions of the 9/25/23 Order that ruled on issues related to those claims.

[12] Rule 50(b) applies because the S&G Parties made an oral motion for judgment as a matter of law, pursuant to Rule 50(a)

(. . . continued)

No later than 28 days after the entry of judgment
. . . the movant may file a renewed motion for
judgment as a matter of law and may include an
alternative or joint request for a new trial
under Rule 59. In ruling on the renewed motion,
the court may:

> (1) allow judgment on the verdict, if the
> jury returned a verdict;
>
> (2) order a new trial; or
>
> (3) direct the entry of judgment as a
> matter of law.

This district court has stated:

> A jury verdict that is supported by
> substantial evidence must be upheld. See Wallace
> v. City of San Diego, 479 F.3d 616, 624 (9th Cir.
> 2007) (citation omitted). "Substantial evidence
> is such relevant evidence as reasonable minds
> might accept as adequate to support a conclusion
> even if it is possible to draw two inconsistent
> conclusions from the evidence." Weaving v. City
> of Hillsboro, 763 F.3d 1106, 1111 (9th Cir. 2014)
> (citation and quotations omitted).
>
> Judgment as a matter of law is appropriate
> if "the evidence, construed in the light most
> favorable to the nonmoving party, permits only
> one reasonable conclusion, and that conclusion is
> contrary to the jury's verdict." Theme
> Promotions, Inc. v. News Am. Mktg. FSI, 546 F.3d
> 991, 999 (9th Cir. 2008) (citation omitted);
> Peralta v. Dillard, 744 F.3d 1076, 1085 (9th Cir.
> 2014) (citations omitted). Because the standards
> for judgment as a matter of law and for granting
> summary judgment mirror one another, courts must
> "review all of the evidence in the record." See
> Reeves v. Sanderson Plumbing Prods., Inc., 530

at the close of Graves's case-in-chief ("Rule 50(a) Motion").
See Minutes - EP: Jury Trial Day Four (4) [sic] Held, filed
3/31/23 (dkt. no. 265). This Court denied the Rule 50(a) Motion
in an order filed on April 19, 2023 ("4/19/23 Order"). Dkt.
no. 277, *available at* 2023 WL 3006902.

> U.S. 133, 150 (2000) (citations omitted). And
> although "the court must draw all reasonable
> inferences in favor of the nonmoving party . . .
> it may not make credibility determinations or
> weigh the evidence." Id. (citations omitted);
> [E.E.O.C. v.] GoDaddy [Software, Inc.], 581 F.3d
> [951,] 961 [(9th Cir. 2009)]. "[T]he court should
> give credence to the evidence favoring the
> nonmovant as well as that 'evidence supporting
> the moving party that is uncontradicted and
> unimpeached, at least to the extent that that
> evidence comes from disinterested witnesses.'"
> Reeves, 530 at 151 (citation omitted). Denial of
> a motion for judgment as a matter of law is
> erroneous "when it is clear that the evidence and
> its inferences cannot reasonably support a
> judgment in favor of the opposing party."
> Weaving, 763 F.3d at 1111 (citation and
> quotations omitted).

Reyes v. Tanaka, CIVIL NO. 17-00143 JAO-KJM, 2020 WL 3415868, at

*2 (D. Hawai`i June 22, 2020) (some alterations in Reyes).

## II.  **Federal Rule of Civil Procedure 59**

### A.  **New Trial**

Federal Rule of Civil Procedure 59(a)(1) states, in

pertinent part: "The court may, on motion, grant a new trial on

all or some of the issues - and to any party -as follows:

(A) after a jury trial, for any reason for which a new trial has

heretofore been granted in an action at law in federal court[.]"

This district court has stated reasons that warrant a new trial

> "may include a verdict that is contrary to the
> clear weight of the evidence, a verdict based
> upon false or perjurious evidence, or to prevent
> a clear miscarriage of justice." Crowley v.
> Epicept Corp., 883 F.3d 739, 751 (9th Cir. 2018)
> (per curiam) (citation and internal quotation
> marks omitted). "Unlike with a Rule 50 [judgment

> as a matter of law] determination, the district
> court, in considering a Rule 59 motion for new
> trial, is not required to view the trial evidence
> in the light most favorable to the verdict.
> Instead, the district court can weigh the
> evidence and assess the credibility of the
> witnesses." <u>Experience Hendrix L.L.C. v.
> Hendrixlicensing.com Ltd.</u>, 762 F.3d 829, 842 (9th
> Cir. 2014). "The grant of a new trial is
> 'confided almost entirely to the exercise of
> discretion on the part of the trial court.'"
> <u>Murphy v. City of Long Beach</u>, 914 F.2d 183, 186
> (9th Cir. 1990) (quoting <u>Allied Chem. Corp. v.
> Daiflon, Inc.</u>, 449 U.S. 33, 36 (1980)).

<u>Krizek v. Queens Med. Ctr.</u>, CIV. NO. 18-00293 JMS-WRP, 2022 WL 17551465, at *1 (D. Hawai`i Dec. 9, 2022).[13] Other historically recognized grounds include "damages that are excessive[] or a trial that was not fair to the moving party." <u>Philadelphia Indem. Ins. Co. v. Ohana Control Sys., Inc.</u>, CIVIL NO. 17-00435-SOM-RT, 2020 WL 3490021, at *2 (D. Hawai`i June 26, 2020) (citing <u>Molski v. M.J. Cable, Inc.</u>, 481 F.3d 724, 729 (9th Cir. 2007)).

     **B.**   **<u>Alter or Amend Judgment</u>**

     Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend the judgment within twenty-eight days after the entry of judgment. A Rule 59(e) motion is effectively a motion for reconsideration.

> In general, there are four basic grounds upon
> which a Rule 59(e) motion may be granted: (1) if
> such motion is necessary to correct manifest

---

[13] Krizek's appeal was dismissed. <u>Krizek v. Queen's Med. Ctr.</u>, No. 23-15030, 2023 WL 2881409 (9th Cir. Feb. 9, 2023).

> errors of law or fact upon which the judgment
> rests; (2) if such motion is necessary to present
> newly discovered or previously unavailable
> evidence; (3) if such motion is necessary to
> prevent manifest injustice; or (4) if the
> amendment is justified by an intervening change
> in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011)

(citation omitted).

## DISCUSSION

### I.   Request for Judgment as Matter of Law

#### A.   Damages

As to all of the claims that were submitted to the jury, the S&G Parties argue the verdict is not supported by substantial evidence because Graves did not present sufficient evidence to establish his damages. [Motion at PageID.3936-41, PageID.3944.] To the extent that the S&G Parties argue generally that Graves failed to prove his damages, see id. at PageID.3938, PageID.3944, the Motion raises the same argument that the S&G Parties made in the Rule 50(a) Motion, and this Court rejects their argument for the reasons stated in the 9/25/23 Order. See 9/25/23 Order, 2023 WL 3006902, at *1-3. Further, to the extent that the S&G Parties challenge the specific awards that the jury returned as to each claim, their arguments also fail.

#### 1.   Counterclaim Count VI Award

Relevant to the Counterclaim Count VI Award, the jury was instructed:

10

> The Court has ruled that S&G Labs violated Haw. Rev. Stat. Chapter 388 by failing to pay certain wages to the plaintiff. "Wages" means compensation for labor or services rendered by the plaintiff, whether the amount is determined on a time, task, piece, commission, or other basis of calculation.
>
> As a result of S&G Labs' violation of Chapter 388, you must determine the amount of unpaid wages that were due to the plaintiff at the time of his termination on September 9, 2019.

[Jury Instructions at 18.] The S&G Parties do not argue that the jury was incorrectly instructed on the law regarding the determination of damages.

Graves testified that, in 2018, he made approximately $150,000 per month, and he made approximately the same amount in 2019 until S&G Labs unilaterally changed his compensation. The jury appears to have found that testimony credible, which would have resulted in approximately $600,000 in wages due for the approximately four-month period between the unilateral reduction in Graves's pay and his termination on September 9, 2019. The jury appears to have reduced Graves's wages based on the testimony that the amount of commissions Graves would have received would have decreased because S&G Labs lost the CARE Hawaii account, which was one of the accounts Graves was responsible for, and because of changes to HMSA's policies. However, the reduction that the jury applied was not significant, apparently based on Graves's testimony that, at the

time of his suspension, he was working on developing new client accounts that would have taken the place of the CARE Hawaii account. In other words, if not for the suspension, Graves could have secured those accounts, and the commissions gained from those new accounts would have mitigated some of the commissions lost because of the loss of the CARE Hawaii account.

The S&G Parties argue Graves's testimony is insufficient, and Graves failed to prove his lost wages because he failed to present expert testimony. See Motion at PageID.3936. While expert testimony is helpful to establish lost wages, it is not required. Cf. Cassino v. Reichhold Chemicals, Inc., 817 F.2d 1338, 1348 (9th Cir. 1987) ("expert testimony is not required to prove what the plaintiff would receive in future earnings" (citing Maxfield v. Sinclair Int'l, 766 F.2d 788, 797 (3d Cir. 1985) (plaintiff proved future damages in [Age Discrimination in Employment Act ("ADEA")] suit in absence of expert testimony); Kolb v. Goldring, Inc., 694 F.2d 869, 873 (1st Cir. 1982) (projection of future raises and earnings in ADEA suit can be based on patterns of past increases)). This Court therefore rejects the S&G Parties' argument that Graves failed to prove his Chapter 388 damages because he failed to present expert testimony regarding his lost wages.

The jury also appears to have deducted the amounts that S&G Labs actually paid Graves from May 16, 2019 to his

12

termination. See Mem. in Opp. at 4 n.2 (listing the amounts
Graves was paid during that period totaling $128,330.80 (citing
Trial Exhs. 9, 54)). Drawing all reasonable inferences from the
record in favor of Graves as the nonmoving party, this Court
finds that there is a reasonable explanation for the jury's
Counterclaim Count VI Award and that there is substantial
evidence to support the award. To the extent that the S&G
Parties seek judgment as a matter of law as to Counterclaim
Count VI, the Motion is denied.

### 2. **Counterclaim Count II Award**

Relevant to Counterclaim Count II, the jury was
instructed:

> The plaintiff must prove by a preponderance
> of the evidence that S&G Labs' breach of the
> employment contract was a legal cause of monetary
> damages to him.
>
> Damages for breach of the employment
> contract should include the amount of
> compensation agreed upon from the date of breach
> to the date on which the contract was to have
> terminated.

[Jury Instructions at 29.] The Counterclaim Count II Award was
$3.5 million in special damages. [Special Jury Verdict Form at
5.] As to special damages in general, the jury was instructed:
"Special damages are those damages which can be calculated
precisely or can be determined by you with reasonable certainty

from the evidence." [Jury Instructions at 43.] The S&G Parties do not argue that these jury instructions were erroneous.

The Counterclaim Count II Award represented the amount that Graves would have been entitled to receive under his employment contract from the date of his termination until the end of the contract term, *i.e.*, from September 9, 2019 to March 6, 2023. This was a period of almost three years and six months. The new employment contract that Dr. Welch proposed to Graves included a $1.0 million annual salary, with the opportunity to receive bonuses. Graves testified that he would have ultimately agreed to that compensation arrangement because it would have approximated what he was receiving under his commission-based employment agreement, but he did not agree to the new contract because of the non-compete clause that Dr. Welch added. There was no evidence to contradict this testimony. Drawing all reasonable inferences from the record in Graves's favor, this Court finds that it was reasonable for the jury to use the $1.0 million proposed annual salary to arrive at the Counterclaim Count II Award, and this Court finds that the award is supported by substantial evidence. To the extent that the S&G Parties seek judgment as a matter of law as to Counterclaim Count II, the Motion is denied.

###    3.    Counterclaim Counts X and XI
         and Third-Party Counts II and III

As to Counterclaim Counts X and XI, the jury awarded
Graves $250,000 in general damages and no special damages.
[Special Jury Verdict Form at 4.] As to Third-Party Counts II
and III, the jury awarded Graves $500,000 in general damages.
[Id. at 6.] The jury was instructed that: "General damages are
those damages which fairly and adequately compensate the
plaintiff for any past, present, and reasonably probable future
disability, pain, and emotional distress caused by the damages
sustained." [Jury Instructions at 42.]

At trial, Graves testified that, because of the
wrongful termination and the circumstances surrounding it, he
developed depression and anxiety and sought treatment from
psychologist Mary Horn, Psy.D. Dr. Horn testified that she began
treating Graves in August 2019 and, prior to the events of 2019,
Graves did not have a psychological disorder. She was still
treating him at the time trial, but she had also referred him
for a psychiatric consult for the possible prescription of
medication for his conditions. Dr. Horn opined that Graves
continued to suffer from depression and anxiety and, although he
should experience some improvement after the litigation was
over, he would still have permanent psychological scars.

15

This testimony constitutes substantial evidence supporting the jury's general damages awards. No further evidence was required because both Hawai`i law and federal law permit a jury to award emotional distress damages based solely on the plaintiff's testimony. See Mueller v. Dep't of Pub. Safety, 595 F. Supp. 3d 920, 932 (D. Hawai`i 2022) (some citations omitted) (citing Peake v. Labatad, 501 P.3d 332, 2021 WL 6119038 *5 (Haw. App. 2021) (explaining that under Hawaii law, a plaintiff's testimony about her own pain and suffering is sufficient to support a damages award)); Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 513 (9th Cir. 2000) (some citations omitted) (citing Chalmers v. City of Los Angeles, 762 F.2d 753, 761 (9th Cir. 1985) (upholding emotional damages based solely on testimony); Johnson v. Hale, 13 F.3d 1351, 1352 (9th Cir. 1994) (noting that emotional damages may be awarded based on testimony alone or appropriate inference from circumstances); Carey v. Piphus, 435 U.S. 247, 264 n.20, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978) (noting that emotional distress damages are "essentially subjective" and may be proven by reference to injured party's conduct and observations by others)).

To the extent that the Motion requests judgment as a matter of law as to Counterclaim Counts X and XI and as to Third-Party Counts II and III on the ground that the jury's

damages awards are not supported by substantial evidence, the
Motion is denied.

**B.**   **Evidence Supporting the Defamation Claim**

Apart from their argument that Graves failed to prove
his damages, the S&G Parties also contend that Graves failed to
establish other elements of his defamation claims. The S&G
Parties challenge what they describe as the "hazy recollection –
at best – of the actual words spoken" by Dr. Welch when she
purportedly defamed Graves to Anthony Arcuria and Taylor Yap.
See Motion at PageID.3932. However, Ms. Yap testified that
Dr. Welch told her that Graves was no longer with S&G Labs.
While Mr. Arcuria similarly testified that Dr. Welch said Graves
was no longer with the company, he also testified that Dr. Welch
said she had to let Graves go. He emphasized that Dr. Welch made
it clear that Graves was not working with S&G Labs in any
capacity. Dr. Welch's statements were not true because, at the
time that she made those statements, Graves was still employed
by S&G Labs, although he had been suspended.

The Motion appears to argue that Mr. Arcuria and
Ms. Yap's testimony is not credible. Based on the jury's
responses to the questions on the Special Jury Verdict Form
regarding Graves's defamation claims, it is clear that the jury
found Mr. Arcuria and/or Ms. Yap to be credible. In considering
the S&G Parties' request for judgment as a matter of law, this

17

Court cannot make its own credibility determinations. <u>See</u> <u>Reeves</u>, 530 U.S. at 150. This Court therefore finds that, when Mr. Arcuria's and Ms. Yap's testimony is viewed in the light most favorable to Graves, there is substantial evidence to support the jury's Third-Party Counts II and III Award. The S&G Parties' Motion must be denied as to their argument that Graves failed to establish essential elements of his defamation claims.

## II.   Request for a New Trial and/or Reconsideration

### A.   Rule 59(a)

The S&G Parties' request for relief pursuant to Rule 59(a) is based on the same arguments as their request for judgment as a matter of law. The S&G Parties argue that, even if they are not entitled to judgment as a matter of law, under the standards applicable to a motion for new trial, they are entitled to relief. [Motion at PageID.3944-45.] As previously noted, in ruling on a motion for a new trial, this Court is not required to view the evidence in the light most favorable to Graves, and this Court is able to rule on the weight of the evidence and the credibility of the witnesses. <u>See</u> <u>Experience</u> <u>Hendrix</u>, 762 F.3d at 842. However, even in light of those principles, this Court agrees with the jury's determination of the credibility of the witnesses and the weight of the evidence presented. The S&G Parties have failed to establish that the verdict is contrary to the clear weight of the evidence, nor

have they shown that the verdict was based on false or perjured evidence. See Crowley, 883 F.3d at 751. Further, this Court finds that the damages awarded are not excessive and that the trial was fair to the S&G Parties. See Molski, 481 F.3d at 729. There has been no miscarriage of justice, and the S&G Parties' Rule 59(a) request for a new trial must be denied. See Experience Hendrix, 762 F.3d at 842 ("the district court can grant a new trial under Rule 59 on any ground necessary to prevent a miscarriage of justice" (citation omitted)).

**B.   Rule 59(e)**

The S&G Parties also argue they are entitled to a new trial, pursuant to Rule 59(e), because this Court committed legal error when it ruled that EKRA did not invalidate Graves's employment contract. See Motion at PageID.3935-38. The S&G Parties effectively seek reconsideration of the EKRA rulings in the 10/18/21 Order. The S&G Parties do not identify any newly discovered evidence relevant to the EKRA rulings, nor do they identify any intervening change in the controlling case law.[14]

---

[14] The S&G Parties cite one case, United States v. Schena, Case No. 5:20-cr-00425-EJD-1, 2022 WL 1720083 (N.D. Cal May 28, 2022). See Motion at PageID.3946-47. The district court in Schena discussed and disagreed with the EKRA analysis in the 10/18/21 Order. See Schena, 2022 WL 1720083, at *3-4. However, Schena is not controlling legal authority, and nothing in Schena, 2022 WL 1720083, convinces this Court that its analysis in the 10/18/21 Order should be reconsidered.

(. . . continued)

See Allstate Ins., 634 F.3d at 1111 (listing grounds that
warrant Rule 59(e) relief). The S&G Parties assert that this
Court made errors of law in the 10/18/21 Order. See Motion at
PageID.3948. This is an argument that the S&G Parties could have
raised in a timely motion for reconsideration of the 10/18/21
Order or at least in a motion filed earlier than a Rule 59(e)
motion.

> Although Rule 59(e) permits a district court
> to reconsider and amend a previous order, the
> rule offers an "extraordinary remedy, to be used
> sparingly in the interests of finality and
> conservation of judicial resources." 12 James Wm.
> Moore et al., [Moore's Federal Practice]
> § 59.30[4] [(3d ed. 2000)]. Indeed, "a motion for
> reconsideration should not be granted, absent
> highly unusual circumstances, unless the district
> court is presented with newly discovered
> evidence, committed clear error, or if there is
> an intervening change in the controlling law."
> 389 Orange Street Partners [v. Arnold], 179 F.3d
> [656,] 665 [(9th Cir. 1999)]. A Rule 59(e) motion
> may **not** be used to raise arguments or present
> evidence for the first time when they could
> reasonably have been raised earlier in the
> litigation. See id.

Kona Enters., Inc. v. Est. of Bernice Pauahi Bishop, 229 F.3d
877, 890 (9th Cir. 2000) (emphasis in original). The S&G Parties
have not established that this Court committed clear error in
the 10/18/21 Order, nor have they established any other ground

---

Schena was later convicted of all charges against him, and
the case is on appeal. See United States v. Schena, Case No. 20-
cr-00425-EJD-1, 2023 WL 3170050 (N.D. Cal. Apr. 29, 2023) (Order
Denying Defendant's Motion for Judgment of Acquittal and Motion
for New Trial), *appeal filed* (9th Cir. Oct. 23, 2023).

that warrants relief under Rule 59(e). The portion of the Motion seeking relief pursuant to Rule 59(e) must be denied.

<u>**CONCLUSION**</u>

For the foregoing reasons, the S&G Parties' Consolidated Motions for Judgment as a Matter of Law Pursuant to Rule 50, or for a New Trial Pursuant to Rule 59(e), filed October 23, 2023, is HEREBY DENIED in its entirety.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 22, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

<u>**S&G LABS HAWAII, LLC, A HAWAII LIMITED LIABILITY COMPANY VS. DARREN GRAVES**</u>**; CV 19-00310 LEK-WRP; ORDER DENYING THE S&G PARTIES' CONSOLIDATED MOTIONS FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO RULE 50, OR FOR A NEW TRIAL PURSUANT TO RULE 59(E)**s