UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| S&G LABS HAWAII, LLC, A HAWAII LIMITED LIABILITY COMPANY,<br><br>      Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>DARREN GRAVES,<br><br>      Defendant and Counterclaim Plaintiff. | CIV. NO. 19-00310 LEK-WRP |

**ORDER: DENYING DARREN GRAVES'S MOTION TO CERTIFY THE JUDGMENT AND FOR PERMISSION TO REGISTER THE JUDGMENT IN OTHER DISTRICTS; AND GRANTING IN PART AND DENYING IN PART THE JUDGMENT DEBTORS' REQUEST FOR A STAY OF THE EXECUTION OF THE JUDGMENT**

      The Judgment in a Civil Case ("Judgment") was filed on September 25, 2023. [Dkt. no. 282.] The Judgment included several monetary awards:

> Judgment is entered in favor of Defendant/Counterclaim Plaintiff Darren Graves and against Plaintiff/Counterclaim Defendant S&G Labs Hawaii, LLC in the following amounts: $19,531.14 as to Counterclaim Counts I and II (trade secret claims), collectively, pursuant to the 2/17/21 Order and the 9/25/23 Order;[1] $3,500,000.00 as to Counterclaim Count III (breach of contract), pursuant to the jury's

---

[1] The 2/17/21 Order is this Court's February 17, 2021 Order Granting Defendant's Motion for Summary Judgment, [dkt. no. 121,] and the 9/25/23 Order is this Court's September 25, 2023 Order Ruling on the Remaining Claims in this Case, [dkt. no. 281].

> Verdict;[2] $793,297.81 as to Counterclaim Count VI (Chapter 388 unpaid wages claim), consisting of the amount reflected in the jury's Verdict ($354,333.33) and the civil penalty determined in the 9/25/23 Order ($438,964.48); and $250,000.00 in general damages and $1,000,000.00 in punitive damages as to Counterclaim Counts X and XI (wrongful termination claims), pursuant to the jury's Verdict.
>
> Judgment is entered in favor of Third-Party Plaintiff Darren Graves and against Third-Party Defendant Dr. Lynn Puana (now known as Dr. Lynn Welch), in the following amounts: $500,000.00 in general damages as to Third-Party Counts II and III (defamation claims), collectively, pursuant to the jury's Verdict; and $2,000,000.00 in punitive damages as to Third-Party Counts II and III collectively, pursuant to the jury's Verdict.

[Judgment at 2.] Thus, the total amount of the Judgment is $5,562,828.95 in favor of Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Darren Graves ("Graves") and against Plaintiff/Counterclaim Defendant S&G Labs Hawaii, LLC ("S&G Labs") and $2,500,000.00 against Third-Party Defendant Lynn Puana, M.D., now known as Dr. Lynn Welch ("Dr. Welch").

On April 9, 2024, Graves filed a Motion to Certify the Judgment and for Permission to Register the Judgment in Other Districts ("Motion"). [Dkt. no. 303.] On April 19, 2024, S&G Labs and Dr. Welch ("Judgment Debtors") filed their memorandum in opposition on April 19, 2024. [Dkt. no. 305.] This Court

---

[2] The Special Jury Verdict Form ("Verdict") was filed on April 5, 2023. [Dkt. no. 274.]

finds the Motion suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Graves's Motion is hereby denied for the reasons set forth below. The Judgment Debtors' request for a stay of the execution of the Judgment pending appeal is granted, provided that the Judgment Debtors post a supersedeas bond.

## DISCUSSION

Graves has investigated the Judgment Debtors' current assets and has not identified any assets, such as real property, in the District of Hawai`i, but Graves has determined that Dr. Welch and/or S&G Labs have substantial asses in Colorado. [Motion, Declaration of Counsel ("Hara Decl.") at ¶¶ 4-7.] A title search revealed that Dr. Welch acquired certain real property in Colorado on or about April 29, 2021 for $3,875,000.00. [Id. at ¶¶ 8-9.] Title to the Colorado Property is held by the Lynn Welch Puana Living Trust, and Graves believes that Dr. Welch is the trustee. [Id. at ¶ 10.] Pursuant to Title 28 United States Code Section 1963, Graves requests an order that: 1) directs the Clerk's Office to certify the Judgment; and 2) grants Graves permission to register the Judgment in other districts, including, but not limited to, the District of Colorado. [Motion, Mem. in Supp. at 2.] Section 1963 states, in relevant part:

3

> A judgment in an action for the recovery of money or property entered in any . . . district court, bankruptcy court . . . may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, **when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown**. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.
>
> A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien.
>
> The procedure prescribed under this section is in addition to other procedures provided by law for the enforcement of judgments.

(Emphasis added.)

The Judgment in this case has not become final by appeal. S&G Labs, Dr. Welch, and Third-Party Defendant Stephanie Bade-Castro (collectively "S&G Parties") filed their Notice of Appeal on February 14, 2024. [Dkt. no. 293.] The S&G Parties' appeal is still pending before the Ninth Circuit Court of Appeals ("Ninth Circuit").

Graves argues there is good cause for this Court to permit the registration of the Judgment, even though the appeal is still pending, because the S&G Parties have not obtained a stay of the Judgment pending appeal, and the Judgment Debtors do

4

not have sufficient assets in the District of Hawai`i to satisfy the Judgment. [Motion, Mem. in Supp. at 5-6.] The Ninth Circuit has noted that "the courts that have found good cause [for purposes of Section 1693] have generally based their decisions on an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1197-98 (9th Cir. 2001) (quotation marks omitted) (citing Dyll v. Adams, 1998 WL 60541 at *1 (N.D. Tex. 1998); Johns v. Rozet, 143 F.R.D. 11, (D.D.C. 1992); Chicago Downs Ass'n v. Chase, 944 F.2d 366, 372 (7th Cir. 1991); Graco Children's Prods., Inc. v. Century Prods. Co., 1996 WL 421966, at *36 (E.D. Pa. 1996); Bingham v. Zolt, 823 F. Supp. 1126, 1136 (S.D.N.Y. 1993), *aff'd*, 66 F.3d 553 (2d Cir. 1995)). Graves has established that the Judgment Debtors do not have sufficient assets in the District of Hawai`i to satisfy the Judgment, but they have substantial assets in the District of Colorado. As of the filing of the Motion, there was no stay of the Judgment in place pending the resolution of the S&G Parties' appeal.

However, in their memorandum in opposition to the Motion, the Judgment Debtors "move this Court to stay the enforcement of the judgment pursuant to Rule 62 of Federal Rules of Civil Procedure while this matter is pending appeal in the

5

United States Court of Appeals for the Ninth Circuit." [Mem. in Opp. at PageID.5104.] The Judgment Debtors also argue enforcement of the Judgment should be stayed without the requirement of a supersedeas bond because they argue the appeal will likely be resolved within a short period of time. [Id.] If this Court requires the Judgment Debtors to post a supersedeas bond, they argue "the amount of the bond [should] be no more than 10% of the current judgment as it stands." [Id. at PageID.5105.] Under these circumstances, this Court would be inclined to find that Graves has established good cause for purposes of Section 1693.

Since the filing of the Motion, however, the Judgment Debtors have requested a stay. Although the better practice would have been for the Judgment Debtors to file a motion or application for a stay of the execution of the Judgment, rather than making the request in the memorandum in opposition to Graves's Motion, Federal Rule of Civil Procedure 62(b) provides that a stay may be **obtained at any time** after the entry of judgment. See Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."); see also Local Rule 65.1 ("The court, on motion or of its own initiative, may

6

order any party to file an original bond or additional security for costs in such an amount and so conditioned as the court by its order may designate."). Thus, a motion or application for a stay is not expressly required. This Court will therefore consider the Judgment Debtors' request for a stay.

> The losing party may . . . obtain a stay of the execution of the judgment by providing a bond or other security as approved by the District Court. Fed. R. Civ. P. 62(b). The stay takes effect when the Court approves the bond or other security and remains in effect for the time specified in the bond or security. Id.
>
> Rule 62 was amended in 2018. Under the new rule, a stay upon filing a notice of appeal is not automatic. A party is entitled to a stay of the judgment as a matter of right upon posting a bond or security. Mohr v. MLB Sub I, LLC, Civ. No. 16-00493 ACK-WRP, 2020 WL 3803847, *2 (D. Haw. July 7, 2020). The amendment also provides that the Court may allow a party seeking a stay to post security in a form other than a bond. Fed. R. Civ. P. 62(b) Advisory Committee Note to 2018 Amendments; Philadelphia Indem. Ins. Co. v. Ohana Control Sys., Inc., Civ. No. 17-00435 SOM-RT, 2020 WL 3013105, *1-*2 (D. Haw. June 4, 2020).
>
> The purpose of the bond or security is to protect the prevailing party from the risk of a later uncollectible judgment and to compensate the party for delay in enforcement of the judgment. NLRB v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988).
>
> District Courts have inherent discretionary authority in requiring and setting the amount of supersedeas bonds. Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). The default rule is that the losing party seeking to appeal must provide a full supersedeas bond covering the entire amount of the judgment.

7

Paeste v. Gov't of Guam, 2014 WL 12725108, *3 (D. Guam May 28, 2014). Courts frequently require a supersedeas bond for the amount of the judgment plus interest, costs, and an estimate of any damages attributed to the delay. 11 Wright & Miller, Fed. Prac. & Proc. Civ. § 2905 (3d ed.).

Mueller v. Dep't of Pub. Safety, CIVIL NO. 17-00571 HG-WRP, 2022 WL 614983, at *1 (D. Hawai`i Mar. 2, 2022), *appeal dismissed*, No. 22-15330, 2022 WL 3999969 (9th Cir. Aug. 22, 2022).

    A losing party has the right to a stay of the execution of the judgment by paying a supersedeas bond, but an unsecured stay is reserved for unusual circumstances as determined in the court's discretion. Bolt v. Merrimack Pharms., Inc., 2005 WL 2298423, *2 (E.D. Cal. Sept. 20, 2005). A party seeking a departure from the normal requirement of a full security supersedeas bond bears the burden of showing a sufficient basis for such a departure from the norm. Lewis v. Cnty. of San Diego, 2018 WL 1071704, *2 (S.D. Cal. Feb. 27, 2018).

    Courts rely on five factors in evaluating a request to waive the supersedeas bond requirement:

    (1)  the complexity of the collection process;

    (2)  the amount of time required to obtain a judgment after it is affirmed on appeal;

    (3)  the degree of confidence that the District Court has in the availability of funds to pay the judgment;

    (4)  whether the losing party's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and,

    (5)  whether the losing party is in such a precarious financial position that the requirement to post a bond would place other

8

> creditors of the losing party in an insecure position.
>
> Guitierrez v. City of Carson, 2013 WL 12241842, *2 (C.D. Cal. Jan. 22, 2013) (citing Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988)).
>
> The burden is on the losing party that requests that the Court waive the bond requirement to demonstrate sufficient reasons to depart from the default rule requiring a supersedeas bond. Paeste v. Gov't of Guam, 2014 WL 12725108, *3 (D. Guam May 28, 2014).
>
> . . . .
>
> District Courts in the Ninth Circuit routinely rely on the Dillon test to examine the appropriateness of waiving the supersedeas bond requirement as the factors are more particularized and comprehensive than the Nken [v. Holder, 556 U.S. 418 (2009),] stay factors. See Cotton ex rel. McClure v. City of Eureka, 860 F. Supp. 2d 999, 1028-29 (N.D. Cal. 2012) (citing United States v. Moyer, 2008 WL 3478063, *12 (N.D. Cal. Aug. 12, 2008)).

Id. *3.

"The first two Dillon factors relat[e] to the complexity and timing involved in collecting from" the defendants. Id. at *4; see also Dillon, 866 F.2d at 904. The first factor weighs against a waiver of the bond requirement because it appears that collection from the Judgment Debtors will be complicated by their lack of assets in the District of Hawai`i. The second factor is either neutral or weighs slightly against a waiver of the bond requirement. The Judgment Debtors argue the appeal is likely to be resolved within a short period

of time, based on the briefing schedule. [Mem. in Opp. at PageID.5106.] According to the Ninth Circuit docket sheet for the S&G Parties' appeal, the opening brief is due by June 27, 2024, and the answering brief is due by July 29, 2024. If the S&G Parties choose to file the optional reply brief, they must do so within twenty-one days after service of the answering brief. However, even though briefing is currently scheduled to be completed within approximately two months, further extensions of the briefing schedule may be granted, and the Judgment Debtors can only speculate about how long it will take for the Ninth Circuit to issue a decision after briefing is completed. See id. ("This means that this matter should be submitted – potentially without the need for oral argument – in less [than] 12 weeks.").³

"The third, fourth, and fifth Dillon factors relat[e] to the [defendant]'s willingness and ability to pay the bond . . . ." Mueller, 2022 WL 614983, at *4; see also Dillon, 866 F.2d at 904-05. As to the third factor, based on the current record, this Court is reasonably confident that the Judgment Debtors have available funds to pay the Judgment. However, the amount of the Judgment is large, and the Judgment Debtors have

---

³ This Court notes that, at the time the Judgment Debtors filed the memorandum in opposition to Graves's Motion, the opening brief in the S&G Parties' appeal was due by June 7, 2024. See Mem. in Opp. at PageID.5106.

not shown that they have such extensive resources that their "ability to pay the judgment is so plain that the cost of a bond would be a waste of money." See Mueller, 2022 WL 614983, at *3. Finally, there is no evidence suggesting that the Judgment Debtors are "in such a precarious financial position that the requirement to post a bond would place other creditors of [the Judgment Debtors]in an insecure position." See id. The fourth and fifth Dillon factors therefore weigh against a waiver of the bond requirement, and the third Dillion factor is either neutral or weighs only slightly in favor of a waiver of the bond requirement.

      This Court finds that the majority of the Dillon factors weight against a waiver of the bond requirement, and no factor weighs strongly in favor of granting a waiver. The Judgment Debtors' request for a waiver of the bond or security requirement in Rule 62(b) is therefore denied. The Judgment Debtors have indicated that they are able to post a supersedeas bond. See Mem. in Opp. at PageID.5105. Although the Judgment Debtors also refer to the posting of "a form of 'other security' pursuant to Rule 62(b)," they have not proposed any specific form of other security. The Judgment Debtors' request to post other security for the stay is denied.

      The Judgment Debtors' request for a stay of the execution of the Judgment is granted, but the granting of their

11

request is conditioned upon their submission of a full supersedeas bond covering the entire amount of the Judgment. See Mueller, 2022 WL 614983, at *1. Under the circumstances of this case, this Court finds that it is not necessary to increase the bond amount to account for other items, such as interest and costs. To the extent that the Judgment Debtors request leave to submit a bond for a lesser amount, their request is denied. The Judgment Debtors are directed to submit their bond - or bonds if S&G Labs and Dr. Welch submit separate bonds – to this Court for approval by **July 18, 2024**. The stay of the execution of the Judgment will take effect upon the approval of the bond(s).

In light of this Court's ruling on the Judgment Debtors' request for a stay of the execution of the Judgment, Graves's Motion is denied without prejudice. If the Judgment Debtors fail to submit their bond(s) to this Court for approval by **July 18, 2024,** or if the Judgment Debtors submit their bond(s) and the bond(s) are not approved by this Court, Graves is directed to submit an order certifying the Judgment for registration in other districts for granting and filing by this Court.

## CONCLUSION

For the foregoing reasons, Graves's Motion to Certify the Judgment and for Permission to Register the Judgment in Other Districts, filed April 9, 2024, is HEREBY DENIED WITHOUT

PREJUDICE. Further, this Court GRANTS the Judgment Debtors' request for a stay of the execution of the Judgment pending the resolution of the S&G Parties' appeal before the Ninth Circuit. The granting of the Judgment Debtors' request for a stay is conditioned upon their submission, and this Court's approval, of a supersedeas bond pursuant to Federal Rule of Civil Procedure 62(b) and Local Rule 65.2. The Judgment Debtors are DIRECTED to submit their bond - or bonds if S&G Labs and Dr. Welch submit separate bonds – to this Court for approval by **July 18, 2024.**

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, June 21, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**S&G LABS HAWAII, LLC VS. DARREN GRAVES; CV 19-00310 LEK-WRP; ORDER:  DENYING DARREN GRAVES'S MOTION TO CERTIFY THE JUDGMENT AND FOR PERMISSION TO REGISTER THE JUDGMENT IN OTHER DISTRICTS; AND GRANTING IN PART AND DENYING IN PART THE JUDGMENT DEBTORS' REQUEST FOR A STAY OF THE EXECUTION OF THE JUDGMENT**