IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| S&G LABS HAWAII, LLC, | ) CIVIL NO. 19-00310 LEK-WRP |
| | ) |
| Plaintiff and | ) |
| Counterclaim Defendant, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT |
| vs. | ) IN PART DARREN GRAVES' |
| | ) MOTION FOR AN AWARD OF |
| DARREN GRAVES, | ) ATTORNEYS' FEES AND COSTS |
| | ) |
| Defendant and | ) |
| Counterclaim Plaintiff, | ) |
| | ) |
| LYNN PUANA, M.D. | ) |
| | ) |
| Third-Party Defendant. | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART DARREN
GRAVES' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

Before the Court is Defendant and Counterclaim Plaintiff Darren

Graves' (Graves) Motion for an Award of Attorneys' Fees and Costs, filed March

11, 2024 (Motion), see ECF No. 299. Plaintiff and Counterclaim Defendant S&G

Labs Hawaii, LLC and Third-Party Defendant Lynn Puana (now known as Dr.

Lynn Welch ("Dr. Welch") (collectively referred to as "S&G")[1] filed their

Opposition on April 22, 2024, see ECF No. 306. Graves filed his Reply on May 6,

---

[1] The parties make no distinction between S&G and Dr. Welch and,
therefore, the Court also makes no distinction in this regard.

2024, <u>see</u> ECF No. 308.[2]  This matter is suitable for disposition without a hearing

pursuant to Rule 54.2(g) of the Local Rules of Practice of the United States District

Court for the District of Hawaii (Local Rules).  After careful consideration of the

parties' submissions and the relevant legal authority, the Court FINDS AND

RECOMMENDS that Graves' Motion be GRANTED IN PART.[3]

BACKGROUND

This action arises from the parties' disputes regarding Graves'

employment contract with S&G.  <u>See</u> Order Denying S&G's Mot. for Preliminary

Injunction, ECF No. 60 at 2.  Dr. Welch owns S&G, which is a medical laboratory

testing facility.  <u>See</u> Order Granting Graves' Mot. for Summary Judgment, ECF

No. 121 at 2.  "S&G performs urinalysis screening for legal substances, as well as

for controlled substances for physicians, substance abuse treatment centers, and

---

[2] On June 12, 2024, the Court directed Graves to file a supplemental brief in support of his Motion explaining why the Court should consider the Motion timely, as the Motion was filed after the deadline set forth in Local Rule 54.2(b) and this issue was not addressed in either Graves' Motion or S&G's Opposition.  <u>See</u> Minute Order, ECF No. 309.  Graves filed his memorandum in support of the timeliness of his Motion on June 17, 2024, which the Court has reviewed and concludes that, based on the arguments therein, Grave's Motion is timely.

[3] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636 (b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

2

other types of organizations." Id.  Graves was employed as a manager overseeing

client accounts.  See id. at 3.  Graves' employment began on March 6, 2017 and

his contract was valid until March 6, 2023.  See id.

This action was filed on June 13, 2019 when Graves was still

employed by S&G.  See Compl., ECF No. 1.  Initially, S&G sued Graves for the

misappropriation of trade secrets under the Defend Trade Secrets Act (DTSA) and

the Hawaii Uniform Trade Secrets Act (HUTSA) and for breach of contract for

allegedly disclosing confidential information outside of S&G.  See id.  On

September 9, 2019, S&G terminated Graves' employment and, on March 1, 2020,

S&G filed its First Amended Complaint against Graves alleging multiple

additional breaches of contract against Graves, including that he competed with

S&G, solicited subordinate employees to leave S&G, engaged in conduct

constituting a hostile work environment, represented himself as an owner of S&G,

and disparaged S&G; all in breach of various provisions of his employment

agreement.  See S&G's First Am. Compl., ECF No. 63.

District Judge Leslie E. Kobayashi entered summary judgment in

favor of Graves and against S&G on all of S&G's claims in the First Amended

Complaint including the trade secrets claims and all of the breach of contract

claims.  See Order Granting Graves' Mot. for Summ. J., ECF No. 121 at 43.

Additionally, Judge Kobayashi found that S&G pursued its trade secrets claims

3

against Graves in bad faith.  <u>See</u> Order: Ruling on the Parties' Pretrial Briefs; and

Granting In Part and Denying In Part The S&G Parties' Motion for Summary

Judgment, ECF No. 213 at 20-21.

Graves had also counterclaimed against S&G, alleging that it was

S&G, not Graves, who breached the employment agreement:

> S&G breached [Graves'] employment contract when it
> wrongfully changed the terms and conditions of his
> employment in violation of the contract, reduced his pay
> by more than 90%, and later terminated his employment
> and refused to pay his severance.  Graves claims that S&G
> [] defamed him by saying untruthful statements to his
> customers which ultimately caused his customers to cease
> doing business with Graves.  Graves also claims that he
> reported S&G's alleged violations of Hawaii law to this
> Court and that S&G retaliated against him by terminating
> his employment soon after his report.

Graves' Amended Final Pretrial Statement, ECF No. 244 at 3.  On May 6, 2020,

Graves filed his Second Amended Counterclaim (SAC) against S&G and his First

Amended Third Party Complaint (TPC) against Dr. Welch.[4]  <u>See</u> SAC, ECF No.

72-1; TPC, ECF No. 72-3.

After the parties' jury trial on March 29, 2023, and based on Judge

Kobayashi's prior orders, judgment was entered in favor of Graves and against

---

[4] The TPC was also brought against Stefanie Bade-Castro but all
claims against Castro were either resolved in her favor or dismissed.  Castro was
terminated as a party on March 8, 2023.

S&G on the following claims brought by Graves: attorneys' fees for defending

against the DTSA and HUTSA claims brought in bad faith (SAC Counts I and II),

breach of contract for unilaterally changing the terms of Graves' contract and

reducing his compensation (SAC Count III), unpaid wages in violation Hawaii

Revised Statutes (HRS) Chapter 388 (SAC Count VI), wrongful termination in

violation of Hawaii Whistleblower Protection Act HRS § 378-61 (SAC Count X),

and wrongful termination in violation of Public Policy (SAC Count XI).  See Order

Regarding Remaining Claims, ECF No. 241; Special Jury Verdict Form, ECF No.

274; Order Ruling On The Remaining Claims In This Case, ECF No. 281; Clerk's

Judgment, ECF No. 282.  All other claims in the SAC were dismissed.[5]

Judgment was entered in favor of Graves and against Dr. Welch on

Graves' defamation per se claim (TPC Count II) and defamation/commercial

disparagement claim (TPC Count III) after it was found that Dr. Welch defamed

Graves by telling Graves' clients that he was no longer with S&G and that she had

to file a lawsuit against Graves for breaching his employment contract and

---

[5] Graves stipulated to dismiss SAC Count VII (tortious interference
with prospective business advantage).  See ECF No. 204.  SAC Count IV (breach
of implied covenant of good faith and fair dealing), SAC Count V (unjust
enrichment), SAC Count VIII (injunctive relief), and SAC Count IX (declaratory
relief) were dismissed by the Court.  See Order Regarding Remaining Claims, ECF
No. 241; Order Ruling On The Remaining Claims In This Case, ECF No. 281;
Clerk's Judgment, ECF No. 282.

providing confidential information to a third party.[6]  See Order Ruling On The

Remaining Claims In This Case, ECF No. 281 at 26; Order Regarding Remaining

Claims, ECF No. 241; Clerk's Judgment, ECF No. 282.

After post-trial motions were resolved, Graves filed the present

Motion for attorneys' fees and costs arguing that, pursuant to HRS Section 607-14,

Graves is entitled to fees and costs in the amount of $295,277.37 as the prevailing

party in this matter.  For the reasons discussed below, the Court recommends

granting Graves' Motion in part.

DISCUSSION

## I.    S&G's Request to Stay Ruling On Motion

As a preliminary matter, S&G requests in its Opposition that the Court

"stay and hold in abeyance" Graves' Motion pending the outcome of S&G's

appeal to the Ninth Circuit.  S&G's Opp'n, ECF No. 306 at 3.  S&G acknowledges

that the Court has discretion to either "(1) rule on the claim for fees, (2) defer its

ruling on the motion, or (3) deny the motion without prejudice, directing a new

---

[6] Castro was granted judgment as a matter of law as to TPC Count I
(defamation) on October 18, 2021.  See Order: Ruling on the Parties' Pretrial
Briefs; and Granting In Part And Denying In Part The S&G Parties' Motion For
Summary Judgment, ECF No. 213 at 45.  Graves stipulated to dismiss TPC Count
IV (tortious interference with prospective business advantage), see ECF No. 204,
and TPC Count V (tortious interference with contract) was dismissed by the Court.
See Order Regarding Remaining Claims, ECF No. 241.

period for filing after the appeal has been resolved." Id. (citing G.P.P., Inc. v.
Guardian Prot. Prod., Inc., No. 1:15-CV-00321-SKO, 2018 WL 932087, at *2
(E.D. Cal. Feb. 16, 2018)).  Importantly, S&G's appeal to the Ninth Circuit does
not divest the Court of jurisdiction to review Graves' Motion for fees and costs.
See In re Elias, 188 F.3d 1160, 1164 (9th Cir. 1999) ("[E]ven when a notice of
appeal has been filed, a district court in this circuit retains jurisdiction to rule upon
a request for attorney fees . . . .  [I]t is clear that an award of attorney's fees is a
collateral matter over which a court normally retains jurisdiction even after being
divested of jurisdiction on the merits.").

        S&G cites to Carson v. Kanazawa in support of its request for the
Court to defer ruling on Graves' fee motion.  In Carson, the court stayed its review
and ruling on a motion for attorneys' fees and costs because the movant sought an
award of $3,947,177.48 in attorneys' fees and $262,963.46 in costs, and attached
493 pages of timesheets and hundreds of pages relating to non-taxable costs.  See
Carson v. Kanazawa, No. CV 14-00544 LEK-KSC, 2017 WL 11139921, at *1 (D.
Haw. Aug. 25, 2017).  The Court finds the present case distinguishable from
Carson because Graves requests a mere fraction of the amount requested in Carson
and the Court's resources will not be exhausted by reviewing Graves' Motion at
this time.  The Court therefore RECOMMENDS that S&G's request to stay or hold
in abeyance Graves' Motion pending S&G's appeal to the Ninth Circuit be

7

DENIED.

The Court now turns to the substance of Graves' Motion for attorneys' fees and costs.

## II.    Entitlement to Attorneys' Fees

Graves argues that, as the prevailing party in this case, he is entitled to attorneys' fees pursuant to HRS Section 607-14, which governs the award of fees for actions in the nature of assumpsit.  S&G provides no legal argument with respect to Graves' entitlement to attorneys' fees and costs.

HRS Section 607-14 provides: "[I]n all the courts, in all actions in the nature of assumpsit . . . there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable."  Haw. Rev. Stat. § 607-14.  Attorneys' fees awarded pursuant to Section 607-14 "shall not exceed twenty-five per cent of the judgment."  Id.

"In order to award reasonable attorneys' fees under [HRS Section 607-14], the court must determine whether: (1) the action is in the nature of assumpsit . . . ; (2) the moving party is the prevailing party; (3) the fees requested are reasonable; and (4) the fees do not exceed twenty-five percent of the judgment."  Sheehan v. Centex Homes, 853 F. Supp. 2d 1031, 1038 (D. Haw. 2011).  The Court addresses these factors below.

8

## A. Nature of Assumpsit

"It is well settled under Hawai'i law that 'an action in the nature of

assumpsit includes 'all possible contract claims.'" Kona Enterprises, Inc. v. Est. of

Bishop, 229 F.3d 877, 884 (9th Cir. 2000) (citing Leslie v. Est. of Tavares, 93

Haw. 1, 5, 994 P.2d 1047, 1051 (2000)).  "Assumpsit is a common law form of

action which allows for the recovery of damages for the non-performance of a

contract, either express or implied, written or verbal, as well as quasi contractual

obligations." Id. (quoting Leslie, 93 Haw. at 5, 994 P.2d at 1051).  "The focus of

this analysis is thus on the 'substance' of the action, 'rather than [on] the formal

language employed or the form of the pleadings.'" Id. (citing Schulz v. Honsador,

Inc., 67 Haw. 433, 436, 690 P.2d 279, 282 (1984), overruled on other grounds by

Blair v. Ing, 96 Haw. 327, 31 P.3d 184 (2001)).  "Hence, the mere use of tort

language in a complaint does not control the characterization of the action as either

in assumpsit or in tort." Id.  "Instead, '[t]he character of the action should be

determined from the facts and issues raised in the complaint, the nature of the

entire grievance, and the relief sought.'" Id. (citing Leslie, 93 Haw. at 6, 994 P.2d

at 1052).

Further, for an action to be in the nature of assumpsit, the plaintiff's

"primary objective must be to obtain monetary relief for breach of the contract."

Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Haw. 251, 280, 151

9

P.3d 732, 761 (2007).  Additionally, the Ninth Circuit "requires an evaluation of the nature of each claim when determining whether an action is in the nature of assumpsit." BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., No. CIV. 09-00181 LEK-KS, 2015 WL 881577, at *7 (D. Haw. Feb. 27, 2015).  In a suit with mixed claims, the existence of contract claims may result in a finding that the action is in the nature of assumpsit unless those "contract claims are merely decorative . . . and not germane to the genuine dispute being litigated." Kona Enterprises, Inc., 229 F.3d at 884.  "[W]hen there is doubt as to the nature of the suit, the presumption is that it sounds in assumpsit and not in tort." Healy-Tibbitts Const. Co. v. Hawaiian Indep. Refinery, Inc., 673 F.2d 284, 286 (9th Cir. 1982).  The party opposing the request for fees under HRS Section 607-14 has the burden of showing that "all claims" alleged are not in the nature of assumpsit. Kona Enterprises, Inc., 229 F.3d at 885.

Initially, the Court notes that S&G does not respond to this issue in its brief and, therefore, it waives any argument with respect to whether Graves' claims are in the nature of assumpsit.

The Court also acknowledges that several of Graves' claims are not in the nature of assumpsit.  For example, the following of Graves' claims sound in tort: tortious interference with prospective business advantage (SAC Count VII; TPC Count IV); tortious interference with contract (TPC Count V); wrongful

10

termination in violation of public policy (SAC Count XI), <u>see</u> <u>Timpe v. WATG</u>

<u>Holdings Inc.</u>, No. CIV.07-00306JMS/KSC, 2008 WL 2355611, at *9 (D. Haw.

June 10, 2008) ("The Hawaii Supreme Court recognized the common law tort of

wrongful discharge in violation of public policy in <u>Parnar v. Americana Hotels,</u>

<u>Inc.</u>, 65 Haw. 370, 380, 652 P.2d 625, 631 (1982)"); defamation (TPC Count I);

defamation per se (TPC Count II); and defamation/commercial disparagement

(TPC Count III).  Graves' claims for attorneys' fees under the DTSA and HUTSA

(SAC Counts I and II), unpaid wages in violation HRS Chapter 388 (SAC Count

VI), and wrongful termination in violation of Hawaii Whistleblower Protection Act

HRS § 378-61 (SAC Count X) are statutory and not in the nature of assumpsit.

Graves' declaratory relief claims (SAC Count IX; TPC Count VII) and his

injunctive relief claims (SAC Count VIII; TPC Count VI) are also not in the nature

of assumpsit.  <u>See</u> <u>Kaiser Found. Health Plan, Inc. v. Queen's Med. Ctr., Inc.</u>, No.

CV 19-00301 DKW-WRP, 2020 WL 714281, at *3 (D. Haw. Jan. 21, 2020), <u>report</u>

<u>and</u> <u>recommendation</u> <u>adopted</u>, No. CV 19-00301 DKW-WRP, 2020 WL 714085

(D. Haw. Feb. 12, 2020) (internal quotations and citations omitted) ("Claims for

declaratory judgment are not in the nature of assumpsit, even though the basis of

the requests factually implicate a contract.  This is because when the recovery of

money damages is not the basis of a claim factually implicating a contract, the

action is not in the nature of assumpsit.  Likewise, claims for injunctive relief are

not in the nature of assumpsit.").

Importantly, however, the following claims are in the nature of assumpsit: breach of contract claim (SAC Count III), see BlueEarth Biofuels, LLC, 2015 WL 881577, at *8 (citing 808 Dev., LLC v. Murakami, 111 Haw. 349, 366, 141 P.3d 996, 1013 (2006)); breach of implied covenant of good faith and fair dealing (SAC Count IV), see Skanning v. Sorensen, No. CIV. 09-00364 DAE-KSC, 2009 WL 5449149, at *5 (D. Haw. Dec. 10, 2009) ("The Court therefore concludes that Plaintiff's breach of implied covenant of good faith and fair dealing claim is in the nature of assumpsit."); unjust enrichment (SAC Count V), see BlueEarth Biofuels, LLC, 2015 WL 881577, at *8 (concluding that a claim for unjust enrichment is in the nature of assumpsit).

Although this case presents a mixed bag of assumpsit and non-assumpsit claims, the Court finds that the substance of the entire grievance is the alleged breaches of Graves' employment agreement with S&G. See Kona Enterprises, Inc., 229 F.3d at 884. Graves' primary objective in bringing his claims against S&G was to obtain monetary relief for S&G's breach of contract. See Kahala Royal Corp., 113 Haw. at 280, 151 P.3d at 761; see also SAC, ECF No. 72-1 at 24 (where Graves requests, among other things, the amounts due under his employment contract and attorneys' fees and costs); Helfand v. Gerson, 105 F.3d 530, 537 (9th Cir. 1997) ("[A] plaintiff's prayer for attorney fees is a

significant indication that the action is in assumpsit.").  Further, although some of

the claims sound in tort or are statutory, resolution of these claims necessarily

required the resolution of the breach of contract claims, and any doubt regarding

the nature of the suit is to be resolved in favor of finding that the action is in the

nature of assumpsit.  See Healy-Tibbitts Const. Co., 673 F.2d at 286.  Therefore,

and in consideration of the claims that are in the nature of assumpsit, the Court

concludes that the contract claims in this case are not "decorative" in nature, but

"germane" to the genuine dispute litigated between Graves and S&G, which is

Graves' employment contract with S&G.  Kona Enterprises, Inc., 229 F.3d at 884.

       Based on the foregoing, the Court FINDS that this action is in the

nature of assumpsit for purposes of HRS Section 607-14.

### B. Prevailing Party

       "Section 607-14 states that reasonable attorneys' fee shall be taxed in

favor of the prevailing party and against the losing party."  Au v. Funding Grp.,

Inc., 933 F. Supp. 2d 1264, 1270 (D. Haw. 2013).  "In determining which party is

the prevailing party in complex litigation, Hawaiian courts focus on which party

prevailed on the 'disputed main issue.'"  In re Hoopai, 581 F.3d 1090, 1102 (9th

Cir. 2009) (citing Food Pantry, Ltd. v. Waikiki Bus. Plaza, Inc., 58 Haw. 606, 620,

575 P.2d 869, 879 (1978)).  "The 'disputed main issue,' in turn, is identified by

looking to 'the principal issues raised by the pleadings and proof in a particular

13

case.'"  Id. (citing Fought & Co. v. Steel Eng'g & Erection, Inc., 87 Haw. 37, 53, 951 P.2d 487, 502-503 (1998)).  "Thus, the 'prevailing party' is the party that succeeds on the issue or issues that are (1) the 'principal' issues raised in the litigation and (2) disputed by the parties.'"  Id.

As discussed above, the Court finds that the principal issue in this litigation is the contract dispute between S&G and Graves and that Graves was the prevailing party on all of the contract claims in S&G's First Amended Complaint and Graves' SAC.  Judgment was entered in favor of Graves on (i) all of S&G's claims against Graves, (ii) Graves' SAC Counts I, II, III, VI, X, and XI against S&G, and (iii) Graves' TPC Counts II and III against Dr. Welch.  See Au, 933 F. Supp. 2d at 1270 (citing MFD Partners v. Murphy, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (1992) (stating that Hawaii courts have noted that "a party in whose favor judgment is rendered by the district court is the prevailing party in that court.")).  Accordingly, the Court FINDS that Graves is the prevailing party in this action.

## C. Apportionment

"A court awarding attorneys' fees pursuant to § 607-14 must apportion the fees claimed between assumpsit and non-assumpsit claims, if practicable."  Au v. Republic State Mortg. Co., No. CIV. 11-00251 JMS, 2014 WL 770291, at *3 (D. Haw. Feb. 25, 2014) (citing Blair, 96 Haw. at 332, 31 P.3d at

189).  "However, if apportionment would be impracticable because the various claims are inextricably linked to the breach of contract, then the Court may decline to apportion attorneys' fees between the claims."  Bruser v. Bank of Hawaii, No. CV 14-00387 LEK-RLP, 2017 WL 1534189, at *5 (D. Haw. Apr. 27, 2017); Blair, 96 Haw. at 333, 31 P.3d at 190 ("Because the negligence claim in this case was derived from the alleged implied contract and was inextricably linked to the implied contract claim by virtue of the malpractice suit, we hold that it is impracticable, if not impossible, to apportion the fees between the assumpsit and non-assumpsit claims.").

First, the Court apportions attorneys' fees incurred for Graves' DTSA and HUTSA claims (SAC Counts I and II) because they are not inextricably linked to Graves' assumpsit claims.  The trade secret claims stood on their own and did not require the resolution of the contract claims.  Accordingly, the Court FINDS and RECOMMENDS that SAC Counts I and II should be apportioned out of the fees awarded pursuant to HRS Section 607-14.  To that end, the Court recommends a 10% reduction to the lodestar amount determined below.  The Court finds that this reduction accounts for fees incurred for work on these trade secret claims.

Second, the Court further apportions fees incurred while working on claims that Graves did not prevail on: SAC Count IV (breach of implied covenant of good faith and fair dealing), SAC Count V (unjust enrichment), SAC Count VII

(tortious interference with prospective business advantage), SAC Count VIII

(injunctive relief), SAC Count IX (declaratory relief); TPC Count I (defamation),

TPC Count IV (tortious interference with prospective business advantage),

and TPC Count V (tortious interference with contract).  See supra n. 5 & 6.

Accordingly, the Court FINDS and RECOMMENDS another 10% reduction to the

lodestar amount determined below to account for the fees incurred for work done

on these claims.

       With respect to the remainder of the claims, however, judgment was

entered in favor of Graves, including all of the contract claims which were at the

core of this litigation.  Aside from the contract claims, the other claims Graves

prevailed on either required resolution of the contract dispute or would not have

been brought but for the breach of contract claims.  Graves' unpaid wages claim

(SAC Count VI) concerned the unilateral changes made by S&G to Graves'

compensation structure, see SAC, ECF No. 72-1 ¶¶ 91-95, for which Graves

brought a successful breach of contract claim against S&G.  Graves' wrongful

termination claims (SAC Counts X and XI) concerned whether S&G had cause to

terminate Graves, see id. ¶¶ 112-121, and the jury ultimately determined that it did

not.  Finally, resolving the defamation claims (TPC Counts II and III) against Dr.

Welch required determining whether Graves breached his employment contract by

sharing trade secrets with third parties, see TPC, ECF No. 72-3 ¶¶ 78-97, which it

16

was ultimately determined that he did not breach his contract as such.  Therefore, the Court FINDS that apportioning the remainder of the claims is impracticable because they are inextricably linked to the breach of contract claims.  The Court therefore RECOMMENDS that Graves be awarded his reasonable attorneys' fees for these claims.

## III.    Attorneys' Fees

### A. Graves' Request for Attorneys' Fees

Graves requests attorneys' fees in the amount of $281,990.00 for work performed by counsel and legal staff in litigating this matter beginning on February 18, 2021.  See Graves' Mot., ECF No. 299-2 ¶ 15.  Graves' request is comprised of the following:

| Timekeeper | Hours | Rate | Total Requested |
|---|---|---|---|
| Leighton Hara | 262.7 | $ 250.00 | $    65,675.00 |
| | 245.8 | $ 350.00 | $    86,030.00 |
| Jennifer Ueki | 210.8 | $ 200.00 | $    42,160.00 |
| Kallista Hiraoka | 169.3 | $ 185.00 | $    31,320.50 |
| | 158.8 | $ 250.00 | $    39,700.00 |
| Emma Young | 7.4 | $   90.00 | $        666.00 |
| | 30.6 | $ 250.00 | $     7,650.00 |
| Kelly Nishimura | 7 | $   90.00 | $        630.00 |
| | 44.1 | $ 185.00 | $     8,158.50 |
| **Total Fees Requested** | | | **$    281,990.00** |

**B. Reasonable Fees**

HRS Section 607-14 requires that the Court determine the reasonableness of the fees requested.  See Haw. Rev. Stat. § 607-14.  An award of reasonable attorneys' fees is generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  A reasonable fee is determined by multiplying (1) "the number of hours reasonably expended on the litigation" by (2) "a reasonable hourly rate."  Hensley, 461 U.S. at 433-434.

**i.  Reasonable Hourly Rate**

A reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation.  See Roberts v. City of Honolulu, 938 F.3d 1020, 1025 (9th Cir. 2019).  The relevant community is the forum in which the district court sits.  See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008) (citation omitted).  The Court may also rely on its own knowledge of experience in determining a reasonable hourly rate.  See Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (holding district court did not abuse its discretion by relying on its own knowledge and experience to determine the reasonable hourly rate for attorney fees).

By previous orders of this Court and Judge Kobayashi, Mr. Hara's

18

rate of $250, Ms. Ueki's rate of $200, and Ms. Hiraoka's rate of $185 have already been determined to be reasonable.  See S&G Labs Hawaii, LLC v. Graves, No. CIVIL1900310LEKWRP, 2023 WL 6216924, at *3 (D. Haw. Sept. 25, 2023).  The Court must address Mr. Hara and Ms. Hiraoka's increased rates as well as Ms. Young and Ms. Nishimura's rates that have been not yet been analyzed in this case.

Mr. Hara requests an increased rate of $350 for a portion of his fees. Mr. Hara has 20-plus years of experience and has received awards for the high-quality legal services he offers his clients.  See Graves' Mot., ECF No. 299-2 at 6 (discussing Mr. Hara's multiple awards and recognitions).  Based on the evidence provided in support of Mr. Hara's increased rate and the Court's knowledge and experience of the prevailing rates in the community, the Court FINDS that Mr. Hara's rate of $350 per hour is reasonable.

For Ms. Hiraoka's increased rate of $250, the Courts considers Ms. Hiraoka's three years of professional legal experience and the prevailing rates in the community for associates and FINDS that Ms. Hiraoka's increased rate of $250 is reasonable.

Ms. Young's requested rate of $90 for her work as a law clerk is similar to a previous request already made and accepted by Judge Kobayashi.  See Graves, 2023 WL 6216924, at *3 (finding $90 as a reasonable rate for a law clerk

19

with more than one year of legal education).  Accordingly, the Court FINDS Ms.

Young's law clerk rate of $90 to be reasonable.  The Court also FINDS Ms.

Young's requested rate of $250 for her work as an attorney with over one year of

experience to be reasonable in light of the prevailing rates in the community.

        In assessing Ms. Nishimura's requested rates of $90 and $185, the

Court notes her "25 years in the legal industry in the field of labor and employment

law," Graves' Mot., ECF No. 299-2 at 7, and FINDS these rates to be reasonable.

### ii.  Hours Reasonably Expended

        Graves bears the burden of proving the fees requested are associated

with the relief requested and reasonably necessary to achieve the results obtained.

See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw.

1993).  Time expended on work deemed excessive, redundant, or otherwise

unnecessary will not be compensated.  See Gates v. Deukmejian, 987 F.2d 1392,

1397 (9th Cir. 1992) (quoting Hensley, 461 U.S. at 433-434).  The Court will

further strike or reduce block billed entries, incomplete entries that do not provide

enough information to evaluate the legal services provided, or other entries that do

not comply with the Local Rule 54.2:

> (3) Description of Services Rendered. The party seeking
> an award of fees must describe adequately the services
> rendered, so that the reasonableness of the requested fees
> can be evaluated. In describing such services, counsel
> should be sensitive to information protected by the

> attorney-client privilege or the attorney work product
> doctrine, but must nevertheless furnish an adequate non-
> privileged description of the services in question. If the
> time descriptions are incomplete, or if such descriptions
> fail to describe adequately the services rendered, the court
> may reduce the award accordingly. For example, time
> entries for telephone conferences must include an
> identification of all participants and the reason for the call;
> entries for legal research must include an identification of
> the specific issue researched and, if possible, should
> identify the pleading or document for which the research
> was necessary; entries describing the preparation of
> pleadings and other documents must include an
> identification of the pleading or other document prepared
> and the activities associated with such preparation. Block
> billing is not permitted, and block billed entries may be
> partially or completely excluded by the court.

Local Rule 54.2(f)(3).

S&G objects to several of Graves' time entries by striking through

entries and providing a short description of its each objection.  See S&G's Opp'n,

ECF No. 306 at 7.  S&G affirms that it does not object to any entry that it did not

strike out.  See id. ("No objection is made to the entries that are not lined out.").

Aside from S&G's short descriptions set forth beneath each entry, S&G does not

provide further argument in support of its objections in its briefs.

S&G labels the challenged time entries as "unreasonable,"

"excessive," "file churning," and/or duplicative of work done by a prior attorney or

duplicative of work completed for the April 2021 trial that was vacated due to a

21

fire in the courthouse.[7]  See S&G's Opp'n, ECF No. 306-1.  The Court addresses

S&G's arguments in turn.

       As a preliminary matter, all of S&G's strike throughs contain an

objection of unreasonableness.  However, this is a legal conclusion and does not

provide the Court with the factual information necessary to evaluate S&G's

objection.  Therefore, the Court to does not address S&G's "unreasonable"

objections.

       S&G objects to several of the Graves' time entries as "excessive"

without sufficiently explaining why the entry is excessive.  For example, an

11/9/2022 time entry bills 1.7 hours for the following work: "Draft and revise MIO

to Motion to Vacate Trial."  S&G's Opp'n, ECF No. 306-1 at 32.  S&G objects to

this entry as "Unreasonable – excessive time entry for task described."  Id.  S&G

does not provide any further detail as to why 1.7 hours spent on the memorandum

in opposition was excessive.  Nearly all of S&G's other "excessive" objections are

similarly flawed.  Upon the Court's review of these entries, the Court found one

_____

    [7] The parties were prepared to go to trial on April 12, 2021 but the
trial was vacated due to a fire in the courthouse.  See S&G's Opp'n, ECF No. 306
at 2.  Because toxic smoke was found in the ventilation system of the courthouse,
the building was closed for approximately one month, which led to the
adjournment of the trial and dismissal of the jury.  See id.  Eventually, the trial was
rescheduled for March 2023.  See id.  Before the continued trial date, the parties
litigated dispositive motions and narrowed the issues for the second trial.  See id.
The second trial commenced on March 29, 2023.

entry (dated 4/3/2021) to be excessive where an attorney billed 5.4 hours at a rate of $185 for researching hearsay exceptions without a stated purpose for the research.  See id. at 13.  The Court therefore RECOMMENDS that this entry be reduced to 3 hours.[8]  The Court FINDS that the remaining entries that S&G objects to as excessive are not excessive and in fact comply with Local Rule 54.2(f)(3). See Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.").  Accordingly, the Court RECOMMENDS that the 4/3/2021 entry be reduced to 3 hours and that the remainder of S&G's "excessive" objections be overruled.

Next, the Court addresses S&G's objections to Graves' time entries as "file churning" and duplicative of work done by another attorney or duplicative of work done in anticipation of the April 2021 trial.  "The court may reduce the

---

[8]

| Table A | | |
|---------|---------|------------|
| **Date** | **Hours** | **Timekeeper** |
| 4/3/2021 | 5.4 hours reduced to 3 hours | KH |

number of hours awarded because the lawyer performed unnecessarily duplicative work, but determining whether work is unnecessarily duplicative is no easy task." Moreno, 534 F.3d at 1112. "When a case goes on for many years, a lot of legal work product will grow stale; a competent lawyer won't rely entirely on last year's, or even last month's, research: Cases are decided; statutes are enacted; regulations are promulgated and amended." Id. "A lawyer also needs to get up to speed with the research previously performed. All this is duplication, of course, but it's necessary duplication; it is inherent in the process of litigating over time." Id.

Entirely absent from S&G's objections is any explanation of how the work is duplicative, where in the timesheets or on the docket the duplication is evident, or why time incurred for the second trial was not necessary. For example, S&G objected to a 4/1/2021 entry as "Unreasonable – junior attorney duplicating work previously billed for by other attorneys," S&G's Opp'n, ECF No. 306-1 at 12, but provides no further explanation and fails to identify which previous work was duplicated. Similarly, S&G objected to a 3/29/23 entry ("Draft and revise cross examination testimony for Dr. [Welch]") as "Unreasonable – duplicates work done prior to first trial." S&G's Opp'n, ECF No. 306-1 at 47. However, as with its other objections on these bases, S&G has not demonstrated that any work was duplicated or that the alleged duplication was unnecessary to litigate this action.

24

Upon review of Graves' time entries, the Court concludes that they comply with

the Local Rules and RECOMMENDS that S&G's objections for "file churning"

and duplication be overruled.

S&G also objects to several entries as lacking sufficient detail to

determine the legal services provided.  The Court reviewed these entries and agrees

that certain of Graves' time entries lack sufficient detail for the Court to evaluate

the legal services provided.  The Court therefore recommends that the entries in

Table B be stricken for failure to comply with Local Rule 54.2(f)(3).[9]  The Court

9

| Table B | | |
|---|---|---|
| **Date** | **Hours Reduced** | **Timekeeper** |
| 6/2/2023 | 2.9 | KH |
| 3/24/2021 | 1 | JU |
| 4/2/2021 | 0.5 | KH |
| 4/4/2021 | 0.3 | JU |
| 4/5/2021 | 0.5 | JU |
| 6/4/2021 | 3.9 | EY |
| 6/10/2021 | 0.3 | JU |
| 6/10/2021 | 1.1 | LH |
| 2/21/2023 | 0.8 | KH |
| 4/2/2023 | 1.2 | KH |
| 4/4/2023 | 4.8 | KH |

FINDS that the remainder of the entries that S&G objected to contain sufficient detail and comply with the Local Rules. Accordingly, the Court RECOMMENDS that the entries set forth in the Court's Table B be stricken and that the remainder of S&G's objections on this basis be overruled.

The Court further FINDS that certain other time entries that S&G objected to were also block billed. Accordingly, the Court RECOMMENDS that the entries in Table C be stricken for failure to comply with Local Rule 54.2(f)(3).[10]

Finally, "clerical or ministerial work … , although important to the litigation processes, should not be included in a court-issued award for work billed at an attorney's hour rate." <u>Graves</u>, 2023 WL 6216924, at *5 (citation omitted) (ellipses points added). "Preparing documents for filing, filing documents with the Court, gathering documents for a hearing and the identification and organization of

---

[10]

| Table C | | |
|---|---|---|
| **Date** | **Hours Reduced** | **Timekeeper** |
| 3/23/2021 | 0.9 | JU |
| 3/24/2021 | 1.5 | KH |
| 3/27/2023 | 2 | KN |
| 3/28/2023 | 0.3 | KH |
| 6/2/2023 | 1.6 | KN |

exhibits are clerical and noncompensable." Id.  Here, the Court FINDS that certain

of Graves' time entries constitute clerical tasks.  See e.g., Graves' Mot., ECF No.

299-6 at 27 (time entry for "inventory and organization trial materials from

cancelled 2021 trial in order to prepare for upcoming trial").  The Court therefore

RECOMMENDS that the entries in Table D be stricken.[11]

Based on the Court's analysis above, and as set forth in the table

below, the Court FINDS that the lodestar amount and apportions discussed above

result in a reasonable attorneys' fee of $231,115.30.

| Timekeeper | Hours | Rate | Total Requested |
|---|---|---|---|
| Leighton Hara | 261.6 | $   250.00 | $   65,400.00 |
| | 245.8 | $   350.00 | $   86,030.00 |
| Jennifer Ueki | 207.8 | $   200.00 | $   41,660.00 |
| Kallista Hiraoka | 164.1 | $   185.00 | $   30,358.50 |
| | 149.6 | $   250.00 | $   37,400.00 |
| Emma Young | 3.5 | $   90.00 | $   315.00 |
| | 30.6 | $   250.00 | $   7,650.00 |
| Kelly Nishimura | 5.7 | $   90.00 | $   513.00 |
| | 35.5 | $   185.00 | $   6,567.50 |
| Sub-Total | | | $   275,894.00 |

[11]

| Table D | | |
|---|---|---|
| Date | Hours Reduced | Timekeeper |
| 2/21/2023 | 1.3 | KN |
| 3/29/2023 | 2.5 | KN |
| 3/6/2023 | 1 | KN |
| 3/27/2023 | 0.5 | KN |
| 4/4/2023 | 1 | KN |

| | | | | |
|---|---|---|---|---|
| Apportioned (20%) | | | $ | 55,178.80 |
| Fees minus Apportionment) | | | $ | 220,715.20 |
| General Excise Tax (4.712%) | | | $ | 10,400.10 |
| Reasonable Attorneys' Fees | | | $ | 231,115.30 |

## IV.    Costs

The Court is authorized to award costs pursuant to Section 607-14 and

FRCP Rule 54(d)(1).  See Ko Olina Dev., LLC v. Centex Homes, No. CV. 09-

00272 DAE-LEK, 2011 WL 1235548, at *14 (D. Haw. Mar. 29, 2011) (citing

Fought & Co., 87 Haw. at 52, 951 P.2d at 502) ("Although Haw. Rev. Stat. § 607-

14 does not expressly authorize an award of costs in addition to attorneys' fees,

Hawaii courts award costs pursuant to § 607-14.")).

Graves requests reimbursement of costs in the amount of $5,138.44

for copies, process server fees, witness travel, transcripts, and postage.  See

Graves' Mot., ECF No. 299-6.  S&G does not object to Graves' request for costs.

See S&G's Opp'n, ECF No. 306 at 7.  As there is no objection to Graves' request,

the Court FINDS and RECOMMENDS that Graves' request for costs in the

amount of $5,138.44 is reasonable and should be granted.

## V.    Total Recommended Award

Based on the above, the Court recommends that Graves be granted his

reasonable attorneys' fees and costs in the amount below.

| Timekeeper | Hours | Rate | Fees Requested |
|---|---|---|---|
| Leighton Hara | 261.6 | $ 250.00 | $ 65,400.00 |
|  | 245.8 | $ 350.00 | $ 86,030.00 |
| Jennifer Ueki | 207.8 | $ 200.00 | $ 41,660.00 |
| Kallista Hiraoka | 164.1 | $ 185.00 | $ 30,358.50 |
|  | 149.6 | $ 250.00 | $ 37,400.00 |
| Emma Young | 3.5 | $ 90.00 | $ 315.00 |
|  | 30.6 | $ 250.00 | $ 7,650.00 |
| Kelly Nishimura | 5.7 | $ 90.00 | $ 513.00 |
|  | 35.5 | $ 185.00 | $ 6,567.50 |
| Sub-Total |  |  | $ 275,894.00 |
| Apportioned (20%) |  |  | $ 55,178.80 |
| Fees minus Apportionment |  |  | $ 220,715.20 |
| General Excise Tax (4.712%) |  |  | $ 10,400.10 |
| Costs |  |  | $ 5,138.44 |
| **Recommended Award of Fees and Costs** |  |  | **$ 236,253.74**[12] |

## CONCLUSION

Based on the above, the Court FINDS and RECOMMENDS that

Darren Graves' Motion for an Award of Attorneys' Fees and Costs (ECF No. 299)

be GRANTED IN PART.  The Court recommends that Graves be granted his

reasonable attorneys' fees and costs in the amount of **$236,253.74**.

---

[12] This amount does not exceed 25% of the judgment awarded to
Graves in this action, as required by Section 607-14.  See Haw. Rev. Stat. § 607-
14; Clerk's Judgment, ECF No. 282.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 26, 2024.



_____

Wes Reber Porter
United States Magistrate Judge

S&G Labs Hawaii, LLC v. Darren Graves; CIVIL NO. 19-00310 LEK-WRP; FINDINGS AND RECOMMENDATION TO GRANT IN PART DARREN GRAVES' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS.